[S. F. No. 555.　Department One.—September 15, 1897.]

## A. D. GRIMWOOD, Respondent, v. J. E. BARRY, Justice of the Peace, etc., Appellant.

JUSTICES' COURT—ACTION UPON STOCKHOLDER'S LIABILITY—PROOF AND JUDGMENT AGAINST DEFAULTING DEFENDANT—TRIAL AS TO ANSWERING DEFENDANTS—SEVERAL JUDGMENTS—JURISDICTION—MANDAMUS.—In an action in the justice's court against a number of stockholders of a corporation to enforce their individual liability for the indebtedness of the corporation to the plaintiff, there may possibly be as many diverse issues made, and as many trials had, resulting in several judgments, as there are several defendants; and proof made and judgment rendered

against a defaulting defendant cannot operate as a dismissal of the action against answering defendants, or affect the jurisdiction of the court to try the cause as to them; and mandamus will lie to . compel the justice to proceed with such trial.

Appeal from a judgment of the Superior Court of the City and County of San Francisco. D. J. Murphy, Judge.

The facts are stated in the opinion.

W. H. Mahoney, for Appellant.

There can be but one trial and judgment in the justices' court. (Code Civ. Proc., secs. 850, 873, 892.) The jurisdiction of the justices' court is special and limited, and it is not governed by provisions applicable to courts of record, in relation to trials and judgments. (*Weimmer v. Sutherland*, 74 Cal. 341; *Swain v. Chase*, 12 Cal. 283; *Rowley v. Howard*, 23 Cal. 401; *Jolley v. Foltz*, 34 Cal. 321; *Kane v. Desmond*, 63 Cal. 464; *Keybers v. McComber*, 67 Cal. 395.)

Boyd & Fifield, for Respondent.

In an action upon stockholder's liability the judgments are required to be several. (Civ. Code, sec. 322; *Derby v. Stevens*, 64 Cal. 287.) The justices' courts have jurisdiction over such actions. (*Dennis v. Superior Court*, 91 Cal. 548; *Derby v. Stevens, supra.*) Section 322 of the Civil Code, and sections 187 and 579 of the Code of Civil Procedure are applicable to such an action in the justices' court, by the nature of the case. (Code Civ. Proc., sec. 925.)

BRITT, C.—Mandamus. An action was brought by Grimwood in the justices' court of the city and county of San Francisco against Charles M. Plum, Emma D. Taylor, and others, stockholders in a certain corporation, to enforce the individual liability of the defendants therein, respectively, for alleged indebtedness of the corporation to said Grimwood. Five of the defendants in that action appeared and answered, putting in issue the allegations of the complaint there. The defendant Taylor, being duly served with process, suffered default; thereupon, the plaintiff made proof of his cause of action against her before Barry, the appellant here, who was the justice to whom

such action was assigned for trial, and judgment was entered against said Taylor for the amount of her several liability as alleged in said complaint. Afterward the plaintiff moved said justice to try the action against the defendants who had answered; the motion was denied on the ground that since a trial had been had and a judgment taken as to the defendant in default, the court had no further jurisdiction of the case; that such trial and judgment operated as a dismissal in favor of the defendants who had appeared. Grimwood then instituted the present proceeding in the superior court for a mandamus to compel the justice to proceed to the trial of the cause as demanded by the said motion which had been denied; the court granted the writ, and hence this appeal.

The writ was properly awarded. Section 322 of the Civil Code provides, among other matters concerning the liability of stockholders, that "any creditor of the corporation may institute joint or several actions against any of its stockholders for the proportion of his claim payable by each, and in such action the court must ascertain the proportion of the claim or debt for which each defendant is liable, and a several judgment must be rendered against each in conformity therewith." It is obvious that under this statute there may possibly be as many diverse issues made, and as many trials had, resulting in several judgments, as there are separate defendants; so that the disposition of the case as to one defendant can have no effect on the right and duty of the court to "ascertain"—such is the language of the statute—"the proportion of the claim or debt for which each defendant is liable," and to render judgment "in conformity therewith." Appellant claims that certain code sections relating to trials in justices' courts—Code Civ. Proc., secs. 850, 873, 892—sustain the view taken by him of his duty in the case. We are, however, unable to deduce from them any rule at variance with the conclusion above stated. Whether, in an action founded on the joint liability of two or more defendants, the jurisdiction of a justice's court to proceed further would be affected by the taking of judgment by default against some but not all of the persons sued—is a question not necessary for pres-

ent consideration. The judgment appealed from should be affirmed.

· Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

Harrison, J, Van Fleet, J., Garoutte, J.