[No. 9550.    Department Two. — March 26, 1887.]

LEWIN A. COLBERT et al., Respondents, *v.* IRA P. RANKIN et al., Appellants.

Appeal — Settlement of Bill of Exceptions — Jurisdiction. — The trial court has jurisdiction of the settlement of a bill of exceptions, although an appeal from the judgment has been taken.

Master and Servant — Defective Machinery — Contributory Negligence — Knowledge of Risk. — A servant engaged in working about defective machinery is not guilty of contributory negligence in so doing, unless he knows or might have known that by reason of the defect his employment involved danger to himself.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Doyle, Barber, Galpin & Scripture,* for Appellants.

*N. J. Manson,* and *J. P. Meux,* for Respondents.

The Court. — An action for damages for the wrongful killing of one L. R. Colbert.

Plaintiffs had judgment in the sum of five hundred dollars, from which this appeal is prosecuted by the defendants.

It is contended that the " bill of exceptions on motion for new trial and on appeal" which appears in the transcript should not be considered; and the reason assigned for such contention is that the appeal from the judgment was perfected six days before the bill of exceptions was signed and filed, and that therefore the court below did not have jurisdiction of the case, and consequently the bill of exceptions should not be considered by this court.

We cannot agree to the view entertained by the respondents as to this matter. The settlement and filing of the bill of exceptions after judgment and appeal taken was a matter embraced in the action, and not affected by the judgment appealed from, and therefore the court

below had a right to proceed as it did.    (Code Civ. Proc., sec. 946; *Reilly* v: *Reilly*, 60 Cal. 626.)

The only point made by the appellants for the reversal of the judgment is, that certain instructions on the law of the case, asked by them to be given by the court to the jury, were erroneously refused.

Those instructions were as follows:—

"If the decedent had abundant time to escape after the accident occurred, but failed to do so, not from fright, but because of an error of judgment in supposing that he alone could hold up the casting, he contributed by his error of judgment to the accident, and defendants are not liable."

"There is no warranty by the employer, implied in the contract of service, that materials furnished should be sound or fit for the purpose.    The law imposes on the employer an obligation to use ordinary care only in the selection thereof."

By the bill of exceptions it appears that on the trial of the case " evidence was offered and admitted which tended to show that the decedent in the complaint mentioned was killed by the falling upon him of a large flat casting, from nine to ten feet in diameter, then hoisted up by means of a crane, and on the premises of the defendants, as charged in the complaint; that said crane broke in that part thereof known as the box, which supported the journal or axle of the drum, whereon the chain was wound, whereby said casting was hoisted; that said crane was operated by the fellow-laborers of the decedent, none of whom held any higher, different, or superior position with regard to said business than the decedent."

The court told the jury that there was no issue presented by the pleadings in regard to any wrongful act or neglect on the part of the fellow-laborers of the decedent, and that the defendants were responsible for such wrongful act or neglect, if any.    As to this direction, no error is assigned.

There was proof offered tending to show that decedent had time to escape from under the casting before it fell upon him.

Under the facts of the case as thus disclosed, we perceive no error on the part of the trial court in refusing to grant the instructions asked for.

It is clear that the piece of machinery about which the decedent was working was unsafe, and in order that he should be declared guilty of contributory negligence where an injury resulted to him from such defective machinery, it was necessary that it should appear in evidence that he knew or might have known that by reason of such defect his employment in and about said machinery involved danger to himself, and this proposition, as one of the conditions which rendered the decedent responsible for his injury, was not included in the instructions. (*Sanborn* v. *Madera Flume and Trading Company*, 70 Cal. 261.)

Without such needful qualification they were calculated to mislead the jury, the last one particularly being at best but a mere abstract proposition of law.

Judgment affirmed.