[L. A. No. 5797.    In Bank.—October 3, 1918.]

FRANK WHITAKER, Respondent, v. TITLE INSURANCE AND TRUST COMPANY (a Corporation), Appellant.

APPEAL—JUDGMENT DIRECTING PAYMENT OF MONEY—STAY OF EXECUTION —AMOUNT OF BOND.—On an appeal from a judgment or order directing the payment of money, it is not necessary under the provisions of section 942 of the Code of Civil Procedure that the bond should cover the amount awarded as costs in order to effectuate a stay of proceedings pending the appeal, since the words, "in double the amount named in the judgment," must be taken as referring to the amount adjudged to be due the prevailing party upon the

claim involved in the action and for which recovery is awarded, and as not including the incidental recovery on account of the costs of the action awarded only upon claim made and ascertainment of amount had subsequent to the giving of the judgment.

APPLICATION for a Writ of Supersedeas. Writ issued.

The facts are stated in the opinion of the court.

Chas. H. Brock, and J. N. Hastings, for Appellant.

James W. Bell, for Respondent.

ANGELLOTTI, C. J.—This is an application for a writ of *supersedeas.*

The action was one for damages, and plaintiff obtained judgment in the court below. The judgment, so far as material, was as follows, viz.: "That said plaintiff Frank Whitaker have and recover from said Title Insurance and Trust Company, a corporation, the sum of $6,391 with interest thereon from the twentieth day of September, 1912, and $375.75 with interest thereon from October 4, 1913, together with his costs and disbursements incurred in this action, amounting to the sum of 72 and 75-100 dollars." The judgment was thus "one directing the payment of money," and was governed by the provisions of section 942 of the Code of Civil Procedure, in so far as the requirements essential to a. stay of execution pending appeal are concerned. An appeal was taken to this court from said judgment, and the same is still pending herein. An undertaking for the purpose of staying execution pending appeal, in the form prescribed by said section, was filed in the lower court. This bond was given for an amount exactly double the aggregate amount of principal with interest thereon to the date of entry of the judgment, and did not include the $72.75 cost. Notwithstanding the giving of this undertaking, the plaintiff is proceeding to enforce the judgment by execution, and the superior court holds that the bond is ineffective as a stay bond, because not sufficient in amount. Hence this application.

Section 942 of the Code of Civil Procedure provides, so far as material here, as follows: "If the appeal be from a judgment . . . directing the payment of money, it does not stay the execution of the judgment or order unless a written under-

taking be executed on the part of the appellant, by two or
more sureties, to the effect that they are bound *in double the
amount named in the judgment or order,"* that if the judg-
ment or order, or any part thereof, be affirmed or the appeal
be dismissed, "the appellant will pay the amount directed to
be paid by the judgment or order," etc.   (Italics are ours.)
The precise question presented here is whether an amount
specified in the judgment as recoverable as and for the pre-
vailing party's costs and disbursements is a part of "the
amount named in the judgment" within the meaning of those
words as used in section 942 of the Code of Civil Procedure.
If this question be answered in the affirmative, the under-
taking here was insufficient in the amount of $145.50, and con-
sequently ineffective as a stay bond.

This precise question apparently has never before been
brought to the consideration of this court.  It is, of course, well
settled that the right to recover costs exists solely by virtue
of statutory provisions, and that when allowed by statute they
are allowed solely as an incident of the judgment given upon
the issues in the action.   (See *Begbie* v. *Begbie*, 128 Cal. 154,
[49 L. R. A. 141, 60 Pac. 667].)   Our statutes provide for the
allowance of costs by the trial court to the prevailing party
in practically every kind of action and proceeding, in most
cases as of course, and in some matters in the discretion of the
court.   (Code Civ. Proc., secs. 1022, 1025.)   They are "al-
lowed of course" in an action for the recovery of money or
damages "when plaintiff recovers three hundred dollars or
over."   (Code Civ. Proc., subd. 3, sec. 1022.)   They consti-
tute no part of a judgment at the moment of its rendition,
accruing only upon verified claim therefor, specifying items,
served and filed within a specified time after verdict or notice
of decision, and the fixing by the court of the amount thereof
if the claim be disputed by the adverse party within a specified
time.   (Code Civ. Proc., sec. 1033.)   The clerk is required
to include the costs in the judgment entered by him if the
same have been taxed or ascertained, and it is further pro-
vided that "he must, within two days after the same are taxed
or ascertained, if not included in the judgment, insert the
same in a blank left in the judgment for that purpose."
(Code Civ. Proc., sec. 1035.)

If by the terms of section 942 of the Code of Civil Proce-
dure, a stay bond is required on appeals from a judgment

or order directing the payment of money covering the amount awarded as costs in order to effectuate a stay of proceedings pending the appeal, it apparently is the only instance under our statutes in which such requirement as to costs is made on appeals from a judgment or order of the superior court. In no other case in which an undertaking is essential to a stay of proceedings do we find any requirement whatever for security as to the costs incidental to the judgment appealed from. Where the judgment is of such a character that an undertaking to stay proceedings is not specifically required by any provision of the statute, execution of the judgment is stayed by an appeal without any undertaking (Code Civ. Proc., sec. 949), entirely regardless of the judgment for costs. This was expressly held in *McCallion* v. *Hibernia etc. Society,* 98 Cal. 442, [33 Pac. 329]. As to such a situation it was substantially said in the opinion in that case that ''the real judgment'' in that case was that the plaintiff was the owner of certain money which had been deposited in court to await the determination of the question as to its ownership, and that the costs taxed against the defendant were incidental to the judgment, and as to a stay of execution inseparably connected therewith. It was also said: ''A judgment for costs is not the judgment directing the payment of money contemplated by section 942. . . . The judgment referred to in the foregoing sections (Code Civ. Proc., secs. 942, 943, 944 and 945) is the decree passing upon the matter directly involved in the litigation.''

While the case referred to does not decide the precise question we have here, we think it fairly points the way to the proper construction of the provision of section 942 of the Code of Civil Procedure, which is here involved. The statutory provisions material to the question of a stay of proceedings pending an appeal from the judgments and orders of superior courts in all other cases than the one covered by section 942 of the Code of Civil Procedure, show that no security was contemplated in the matter of the costs incidental to the judgment. No good reason appears why any exception should be made to this general rule in the one case of judgments or orders covered by section 942 of the Code of Civil Procedure, viz., judgments or orders directing the payment of money. In such a case the costs are just as much a mere incident of the judgment for the money decreed to be due upon the claim of

the prevailing party, as they are a mere incident to the judgment for the relief granted in all other cases. As said in the McCallion case, the real judgment referred to in sections 942 to 945 of the Code of Civil Procedure, "is the decree passing upon the matter directly involved in the litigation," which in the case at bar is the judgment determining and awarding the amount due the plaintiff on the claim alleged in the complaint. The judgment here is "a judgment or order directing the payment of money" within the meaning of section 942 of the Code of Civil Procedure, only in so far as it awards a recovery for the sums awarded on the issues made by the pleadings, the principal sum, with interest to the entry of the judgment. This manifestly, together with interest accruing subsequent to entry of judgment, and the damages and costs on appeal, was the only thing as to which security was deemed essential to a stay of proceedings pending an appeal.

Under these circumstances it seems to us that the words, "in double the amount named in the judgment," must be taken as referring to the amount adjudged to be due the prevailing party upon the claim involved in the action and for which recovery is awarded, and as not including the incidental recovery on account of the costs of the action awarded only upon claim made and ascertainment of amount had subsequent to the giving of the judgment.

It is worthy of note, in this connection, that so far as material here section 942 of the Code of Civil Procedure, and section 978 of the Code of Civil Procedure, relative to undertakings on appeal and to stay proceedings on appeals from justices' and police courts were enacted in 1872 as parts of our original code in the same form in which they now exist, and that section 978 expressly required as an essential to a stay pending an appeal, security not only for the judgment proper but also for all costs. It was expressly provided therein that if the judgment be one for money, the bond must be "in a sum equal to twice the amount of judgment, *including costs*," and when for the recovery of property, in "twice the value of the property, *including* costs"; also that the bond must be conditioned, when the judgment was for money "that the appellant will pay the amount of the judgment appealed from, *and all costs*, and when for property, "the judgment and costs." As to actions to foreclose a lien on specific personal property, the condition was to be that the appellant

"will pay the judgment and costs." The deposit provided for in lieu of a bond was also expressly made to cover the costs. The difference between these contemporaneous enactments is significant, and indicates that the omission to specially cover the matter of the costs of the action on appeals to the supreme court was intentional. If it had been intended to provide for security for costs in the cases covered by section 942 of the Code of Civil Procedure, it would have been an easy matter to so specify, as was done with regard to appeals from justices' or police courts, and section 978 of the Code of Civil Procedure, shows that such specification was deemed necessary by the legislature, if it was desired to provide security therefor.

It follows from what has been said that the undertaking filed was sufficient to stay proceedings under the judgment pending the appeal.

Let a writ of *supersedeas* issue as prayed.

Sloss, J., Melvin, J., Shaw, J., Wilbur, J., Richards, J., *pro tem.*, and Lorigan, J., concurred.