[S. F. No. 11074. In Bank.—September 2, 1924.]

ANNIE L. HENNESSY, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA et al., Respondents.

**[1]** COSTS—ENTRY BY CLERK IN JUDGMENT—TIME.—The action of the clerk of a court in entering immediately upon receipt of a bill of costs expended by a winning defendant, and before the expiration of the five-day period allowed by statute to move for taxation of costs, the amount of such costs in the judgment according to the demand of the defendant, is premature and unauthorized by any statute, no authority whatever being given the clerk or any other officer to enter costs until the same have been judicially determined if they be disputed.

**[2]** APPEAL—JUDGMENT—MOTION TO TAX COSTS.—A motion to tax the cost bill made after the rendition and entry of final judgment is a "matter embraced in the action and not affected by the order appealed from."

**[3]** ID. — JURISDICTION OF SUPERIOR COURT — COLLATERAL MATTERS. — The general rule that a duly perfected appeal divested the trial court of further jurisdiction in the cause has its qualifications; and such qualification exists by reason of the fact that ancillary or collateral matters in connection with the appeal are unaffected and, notwithstanding the appeal, the trial court may determine such matters as the settlement of bills of exception, hearing, and disposing of motions for new trials, the payment of alimony and other matters incidental to the action.

3. See 2 **Cal. Jur.** 415.

[4] COSTS — PENDING APPEAL — MOTION TO TAX — JURISDICTION.—The superior court has jurisdiction to determine a motion to tax costs made after the entry of judgment and within the five-day period allowed by statute to make such a motion, notwithstanding the fact that an appeal from the judgment is pending.

[5] APPEAL—EVIDENCE—JURISDICTION.—An appellate court will not interfere with the decision of a superior court in that class of cases in which a superior court is called upon to consider the sufficiency of certain facts established by the record, or certain facts determined by it upon evidence properly addressed to it, to give it jurisdiction to proceed with the particular case before the court.

[6] MANDAMUS—DENIAL OF MOTION TO TAX COSTS—JURISDICTION—APPEAL.—The superior court having denied a motion to tax costs on the ground of want of jurisdiction by reason of a pending appeal, a writ of mandate to compel said court to decide the motion upon its merits is an available remedy, even conceding that the order refusing to tax costs be an appealable order.

[7] ID.—REASONS FOR ISSUANCE OF WRIT.—The bare refusal to perform an act which the law specially enjoins and which act embraces the determination of matters incidental to a judgment appealed from are not the only reasons that may be urged for the issuance of a writ of mandate to compel the superior court to determine the motion in question, but also the question of expedition in the determination of matters depending upon evidence as to questions of witnesses' fees and items of costs which would be more conveniently and readily disposed of at a time when said matters are fresh in the memory of all concerned rather than postponed to an uncertain day.

[8] ID.—ORDER REFUSING TO TAX COSTS — REVERSAL OF — EQUIVALENT TO PEREMPTORY MANDATE.—An order of reversal upon appeal from an order refusing to tax costs for want of jurisdiction would have amounted to a peremptory mandate requiring the determination of the motion in question.

(1) 15 **C. J.**, p. 176, sec. 425.   (2) 3 **C. J.**, p. 1268, sec. 1385. (3) 3 **C. J.**, p. 1268, sec. 1385.   (4) 3 **C. J.**, p. 1268, sec. 1385.   (5) 26 **Cyc.**, p. 191.   (6) 26 **Cyc.**, pp. 173, 190.   (7) 26 **Cyc.**, p. 173.   (8) 4 **C. J.**, p. 1212, sec. 3264.

PROCEEDING in Mandamus to compel the Superior Court of the City and County of San Francisco to determine motion to tax costs. James M. Troutt, Judge. Writ granted.

6. Private person's right to *mandamus* to enforce performance of duty by court or magistrate, notes, 9 **Ann. Cas.** 1074; **Ann. Cas.** 1912A, 1118. See, also, 16 **Cal. Jur.** 819.

The facts are stated in the opinion of the court.

R. H. Cross for Petitioner.

Albert I. Loeb for Respondents.

SEAWELL, J.—Application for writ of *mandamus.*

Annie L. Hennessy brought an action in the superior court of the city and county of San Francisco against T. E. Haley for the rescission of a certain contract and agreement entered into by said parties and for the cancellation of certain promissory notes executed by Hennessy to Haley, which constituted a part of the transaction for the purchase by Hennessy from Haley of the Spaulding Hotel, situate in the city of San Francisco. The details of the transaction are not important. Judgment went in favor of defendant Haley and against plaintiff Hennessy for costs of suit, which was entered June 6 and recorded June 7, 1923. On the same day defendant Haley filed and served upon plaintiff Hennessy his memorandum of costs, amounting to $299.46, together with a notice of the entry of said judgment. Said plaintiff, petitioner here, filed and served her notice of appeal on June 7th, stating that said appeal was taken from the whole and each and every part of said judgment. Within the period of five days allowed by statute to move for taxation of costs, to wit, June 11, 1923, said Hennessy served upon Haley and filed in the court below her motion to tax said costs. The clerk, immediately upon receipt of the bill of costs, entered the amount in the judgment according to the demand of the defendant. This was premature and unauthorized by any statute. Said motion to tax costs came before the court for hearing on February 24, 1924, was taken under advisement and, on the twenty-seventh day of February, 1924, was disposed of by the court in the following minute order: "In this action, the motion to re-tax costs having been heretofore submitted to the court and the court having duly considered the same, and now being fully advised in the premises, it is ordered that said action be and the same is hereby denied for want of jurisdiction."

Other proceedings, which do not affect the question before us, followed the appeal.

The refusal of the court to entertain or decide the matter of costs upon the ground that it was divested of jurisdiction by reason of a pending appeal, under the circumstances here shown, is before us for decision. This question must be decided with reference to the provisions of our statute which provide, in case of appeal, for a stay of proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein, but which are not affected by the order appealed from, under the provisions of section 946 of the Code of Civil Procedure, and other sections pertinent to the subject.

[1] Section 1033 of the Code of Civil Procedure gives to the party against whom costs are claimed the right to file within five days after notice of filing of the bill of costs a motion to have the same taxed by the court in which the judgment was entered. The clerk of the court must include in the judgment the costs *"if the same have been taxed or ascertained."* (Sec. 1035, Code Civ. Proc.) No authority whatever is given the clerk or any other officer to enter costs until the same have been judicially determined if they be disputed. In *Kaiser* v. *Barron,* 153 Cal. 474 [95 Pac. 879], it is said: "The entry of costs in the judgment, while a motion to tax them was pending was without authority and the issuance of an execution for the collection of such costs and the levy upon plaintiff's property was improvident and untimely."

Section 946 of the Code of Civil Procedure provides: "Whenever an appeal is perfected as provided in the preceding sections of this chapter, it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein. . . . But the court below may proceed upon *any other matter* embraced in the action and *not affected by the order appealed from."* (Italics ours.)

Hayne on New Trial and Appeal, in referring to the clause, "any other matter embraced in the action and not affected by the order appealed from," says: "But even in the absence of such a provision, it is believed that the trial court may take any action that may be proper in connection with the cause, provided conditions are allowed to remain substantially unchanged as when the appeal was perfected. Matters ancillary or collateral in connection with the appeal

itself or the proceedings in the lower court, as a settlement of a bill of exceptions, etc., are not affected by the appeal." (Vol. 2 (rev. ed.), p. 1223, sec. 224; *Estate of Waters,* 181 Cal. 584 [185 Pac. 951]; 2 Cal. Jur. 418.)

**[2]** A motion to tax the cost bill made *after* the rendition and entry of final judgment is a "matter embraced in the action and not affected by the order appealed from." **[3]** It is true, as a general rule, that a duly perfected appeal divests the trial court of further jurisdiction in the cause. This rule has its qualifications, however. (*In re Morehouse,* 176 Cal. 634 [169 Pac. 365].) Such qualification exists by reason of the fact that ancillary or collateral matters in connection with the appeal are unaffected and, notwithstanding the appeal, the trial court may determine such matters as the settlement of bills of exception, hearing, and disposing of motions for new trials, the payment of alimony and other matters incidental to the action. In *Whitaker* v. *Title Ins. etc. Co.,* 179 Cal. 111 [175 Pac. 460], we held that upon an appeal from a judgment or order directing the payment of money it was not necessary under the provisions of section 942 of the Code of Civil Procedure that the bond should cover the amount awarded as costs in order to effectuate a stay of proceedings pending the appeal since the words "in double the amount named in the judgment must be taken as referring to the amount adjudged to be due the prevailing party upon the claim involved in the action and for which recovery is awarded and as not including the incidental recovery on account of the costs of the action awarded only upon claim made and ascertainment of amount had subsequent to the giving of the judgment." In 7 Cal. Jur. 298, the rule is thus stated: "It is now settled that an order on a motion to re-tax a cost bill made after the rendition and entry of final judgment is appealable as a special order after final judgment." (See, also, *Dooly* v. *Norton,* 41 Cal. 439; *Empire Gold Min. Co.* v. *Bonanza etc. Min. Co.,* 67 Cal. 406 [7 Pac. 810]; *Yorba* v. *Dobner,* 90 Cal. 337 [27 Pac. 185]; *Linforth* v. *San Francisco Gas etc. Co.,* 9 Cal. App. 434 [99 Pac. 716]; *Quitzow* v. *Perrin,* 120 Cal. 255 [52 Pac. 632]; *Elledge* v. *Superior Court,* 131 Cal. 279 [63 Pac. 360].)

**[4]** Sufficient has been said, supported by authority, to show that petitioner was entitled to have the matter of costs

judicially determined in the usual and orderly way agreeable to the statutory provisions regulating the subject. The question next to be answered is whether the writ of *mandamus* should issue as prayed for, or whether petitioner should be relegated to some other remedy. The underlying principle which supports the right for relief by the aid of the writ of *mandamus* has been many times defined by the decisions of this court. [5] It is well-settled law that this court will not interfere with the decision of a superior court in that class of cases in which a superior court is called upon to consider the sufficiency of certain facts established by the record, or certain facts determined by it upon evidence properly addressed to it, to give it jurisdiction to proceed with the particular case before the court. But the case at bar presents a proposition not dependent upon a consideration of the powers of the court as defined by the constitution and the statutes. (See *Temple* v. *Superior Court,* 70 Cal. 211 [11 Pac. 699]; *Grimwood* v. *Barry,* 118 Cal. 274 [50 Pac. 430]; *San Francisco Gas & Electric Co.* v. *Superior Court,* 155 Cal. 30 [17 Ann. Cas. 933, 99 Pac. 359]; *Inglin* v. *Hoppin,* 156 Cal. 483 [105 Pac. 582]; *Sullivan* v. *Superior Court,* 185 Cal. 133 [195 Pac. 1061]; *Hill* v. *Superior Court,* 15 Cal. App. 307 [114 Pac. 805]; *Moch* v. *Superior Court,* 39 Cal. App. 471 [179 Pac. 440].) What has been said above with respect to the question of jurisdiction is practically in the words of *Cahill* v. *Superior Court,* 145 Cal. 42 [78 Pac. 467]. The language there used is so applicable to the question of law presented in the instant case as to justify a reproduction of the following paragraph:

"The code provides that the writ of mandate may be issued to 'compel the performance of an act which the law specially enjoins, as a duty resulting from an office.' (Code Civ. Proc., sec. 1085.) The law specially enjoins upon the superior court, and upon the judge thereof, the duty of hearing and determining all matters which are within its jurisdiction and which come properly before it. The motion under consideration did come properly before that court, but the judge decided, as a matter of law, and upon the statute and Constitution only, that the court had no power in any case to make orders of the kind there applied for, and upon that ground only refused to proceed to the merits of the application. If the person holding the office could thus

decide what were the duties pertaining thereto which the law specially enjoins him to perform, the writ of mandate would be practically useless. The decision refusing to act which gives occasion for the writ would also furnish sufficient cause for denying it. As was well said in *Temple* v. *Superior Court,* 70 Cal. 211 [11 Pac. 699], 'The court cannot, by holding without reason that it has no jurisdiction of the proceedings, divest itself of jurisdiction and evade the duty of hearing and determining it.' To the same effect are *Merced M. Co.* v. *Fremont,* 7 Cal. 130; *Ortman* v. *Dixon,* 9 Cal. 23; *Heinlen* v. *Cross,* 63 Cal. 44; *People* v. *Barnes,* 66 Cal. 594 [6 Pac. 698]; *Crocker* v. *Conrey,* 140 Cal. 213 [73 Pac. 1006].''

[6] Conceding the order refusing to tax costs to be an appealable order, that alternative would not of itself be a sufficient reason for holding that remedy exclusive. [7] The bare refusal to perform an act which the law specially enjoins and which act embraces the determination of matters incidental to a judgment appealed from are not the only reasons that may be urged for the issuance of the writ but also the question of expedition in the determination of matters depending upon evidence as to questions of witnesses' fees and items of costs which would be more conveniently and readily disposed of at a time when said matters are fresh in the memory of all concerned rather than postponed to an uncertain day.

[8] We may add to what has already been said that an order of reversal upon appeal would have amounted to a peremptory mandate. (See *San Francisco Gas & Electric Co.* v. *Superior Court, supra.*)

Let the writ issue.

Lawlor, J., Lennon, J., Waste, J., Richards, J., Shenk, J., and Myers, C. J., concurred.