[Civ. No. 6973.   Third Dist.   Sept. 14, 1943.]

MONICA S. BRINER, Appellant, v. C. CONRAD BRINER, Respondent.

James J. Arditto for Appellant.

T. L. Chamberlain and Gussie A. Stewart for Respondent.

ADAMS, P. J.—This is a motion of defendant and respondent above named to stay proceedings on appeal in this court under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 (54 Stat. 1178, 50 U.S.C.A. App., secs. 510 et seq.) until the termination of the period of his military service and until three months thereafter.

Respondent represents that he is, and has been since the 20th day of September, 1942 (and prior to the filing of this appeal on March 19, 1943), a captain in the Medical Corps of the United States Army, stationed at Washington, D. C. He sets up that he has no regular income or means of livelihood other than his pay as such captain, that he has a wife and two minor children solely dependent upon him for support, and has other family obligations, and that in making a defense herein he is handicapped by reason of said obligations and the curtailment of his income since he entered the military service; also that his ability to make his defense on this appeal is materially affected by the requirement that he be in Washington where he is stationed, and that he is unable to absent himself therefrom to confer with T. L. Chamberlain and Gussie A. Stewart, the attorneys who represented him on the trial of said action in the lower court; that he is unable to meet the expenses necessary to be incurred on his part in connection with this appeal, which he alleges will include a copy of the reporter's transcript, the printing of respondent's brief, expenses of counsel and his per diem for arguing the case, and possibly items for a petition for rehearing and for a hearing in the Supreme Court; that he has no attorney authorized to act for him, and is indebted to his former attorneys, and that it would be humiliating and disconcerting for him to incur further indebtedness for attorney's fees; that he deems it necessary to devote his entire energies to the military needs of the nation, that his work includes medical research which requires a high degree of concentration, and that the pendency of this appeal will, unless stayed, impair his ability to promote the efficiency which is one of the purposes of the Soldiers' and Sailors' Civil Relief Act; that the amount involved in the action is substantial and the threat of reversal which would result from a prosecution of the appeal while he is in the military service would cause mental strain, distress and anguish to affiant and impair his efficiency.

In opposition to respondent's affidavit, appellant filed her affidavit in which she alleges on information and belief that

respondent has a substantial income and is a comparatively wealthy man; that he has income in addition to his army pay, owns corporate stock and other property both personal and real, and he would be in no wise financially embarrassed if his motion were denied; that a suspension of the appeal would not strengthen the national defense; that his presence is not necessary and that his military service does not interfere with his ability to conduct his defense as he is able to pay costs and attorney's fees; and that the ends of justice will be served by a denial of the motion.

Respondent's motion, affidavit, and accompanying brief were presented by two attorneys, and the motion was argued on his behalf by one of said attorneys. Thereafter respondent, through said attorneys, filed a closing affidavit in which he denied allegations of appellant's affidavit as to his financial status, and realleged his inability to pay expenses on appeal, asserting that his whole income is necessary for the support of his family. He alleged that he has no means of paying the attorneys who have heretofore represented him "and that consequently he has no attorney authorized to act for or on behalf of him as to the requisites incident to the appeal." He reasserts that his ability to conduct his defense is materially affected by reason of his military service in that he is financially unable to employ counsel to represent him, and that the prosecution of the appeal would cause him mental strain and worry him when his first duty is to do the things assigned to him in the armed forces.

Do the foregoing representations by respondent justify a suspension of this appeal under the Soldiers' and Sailors' Civil Relief Act? Section 201 of that act provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, *unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.*" (Italics ours.)

In *Boone* v. *Lightner*, 319 U.S. 561 [63 S.Ct. 1223, 87 L.Ed. 1587], in which the history and purpose of the act are fully discussed, the court said:

"The Act cannot be construed to require continuance on

mere showing that the defendant was in Washington in the military service. Canons of statutory construction admonish us that we should not needlessly render as meaningless the language which, after authorizing stays, says 'unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.' "

And in that case it was held that the stay of proceedings urged by defendant was properly refused.

We are of the opinion that the matters alleged by respondent in this case do not show that his ability to conduct his defense to this appeal is materially affected by reason of his military service. The presence of respondent in this court is unnecessary, and even assuming that his financial condition is as alleged by him, he is in no different position than any other litigant who may, by reason of a limited income, find it difficult or inconvenient to meet the expenses incident to an appeal. As for his allegation that it will be necessary for him to have a copy of the reporter's transcript, a copy of the same is already on file in this court, and we do not agree that it is essential on such appeal that respondent have a copy of same. Our record shows that at least one of the attorneys who represented him in the lower court is appearing for him on this motion, and he is doubtless sufficiently familiar with the record to prepare a brief. As to the necessity for printing such brief, the filing of a typewritten brief may be allowed by the court on a proper showing; and as for respondent's allegations regarding his inability to pay his counsel, the counsel of record in this court who have at all times represented respondent on this motion have taken no steps to withdraw as such counsel and have made no showing of unwillingness to proceed on respondent's behalf. The time and effort already expended by them in presenting this motion would probably have been quite sufficient to prepare respondent's brief and argue his defense to the appeal. In *Weynberg* v. *Downey,* 25 N.Y.S.2d 600, an action to foreclose a mortgage, one of the defendants was in the armed service, and an attorney was appointed by the court to represent him. In connection with the question of how, if at all, such counsel might be compensated, the court said that such attorney in time of war should regard such service as a patriotic duty and act regardless of compensation. To the same effect see *In re Cool's Estate,* 19 N.J. Misc. 236 [18 A.2d 714]. And as for respondent's contention that this proceeding should be stayed because it would be "disturbing and disconcerting" to

him for same to proceed, we are cited to no authority holding that the mere fact that mental distress may be caused a litigant justifies a suspension of a proceeding under the Soldiers' and Sailors' Civil Relief Act. The rights of those in the armed service to have legal proceedings suspended are not unlimited. The purpose of the act is recited in section 510 thereof which states:

"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of *civil liabilities,* in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions *which may prejudice the civil rights* of persons in such service during the period herein specified over which this Act remains in force." (Italics ours.)

Respondent's civil rights will not be prejudiced by permitting this appeal to take its orderly course. Should the judgment of the lower court be affirmed on appeal, the litigation would be at an end and respondent's burden of mental distress lifted. And if such judgment should be reversed and a new trial become necessary requiring respondent's presence in order to protect his civil rights, a motion in the lower court to stay such trial would then be in order, and doubtless would be granted on a proper showing that such rights would be imperiled by reason of his military service.

We are cited to no cases in which proceedings on appeal have been stayed under the Soldiers' and Sailors' Civil Relief Act. In *Rosenthal* v. *Smith,* —— Ohio App. —— [42 N.E.2d 464], a motion to dismiss an appeal on the ground that appellant had failed to comply with the rules of the court requiring the filing of assignments of error, briefs, etc. within fifty days after notice of appeal, was resisted by counsel for appellant who represented to the court that appellant was in the armed forces and that counsel had been unable to contact him. The court said:

"The Soldiers' and Sailors' Civil Relief Act of 1940 . . . does not accord the benefits thereof to a person in the military service who is represented by legal counsel. Nothing appears

in the memorandum to the effect that counsel for appellant were not authorized to act for and on behalf of him as to all requisites incident to the appeal, including the filing of the briefs, etc. The filing of such briefs are the work of counsel only, and do not require the presence nor assistance of appellant." And the motion to dismiss was granted.

In *Pope* v. *U. S. Fidelity & Guaranty Co.*, 67 Ga.App. 415 [20 S.E.2d 618], the court said that a person in the military service is not entitled as matter of law to a stay of a judgment against him under the provisions of the Soldiers' and Sailors' Civil Relief Act, nor is he entitled to a stay merely by virtue of that act unless, in the opinion of the court passing on the question, his ability to conduct his defense is materially affected by reason of his service; and there an order rendering judgment against the defendant was affirmed. (Also, see *Tolmas* v. *Streiffer*, 199 La. 25 [5 So.2d 372].)

As we are of the opinion that respondent's ability to conduct his defense to this appeal will not be materially affected by reason of his military service, respondent's motion is denied.

Thompson, J., and Peek, J., concurred.