[Civ. No. 14443. Second Dist., Div. One. May 9, 1944.]

MYRTLE LEVIN, Appellant, v. ALEXANDER LEVIN, Respondent.

Joseph J. Enright and Mose Kazev for Appellant.

Joseph L. Altagen for Respondent.

YORK, P. J.—Defendant Alexander Levin has made a motion in this court to dismiss the appeal of plaintiff Myrtle Levin from an interlocutory judgment of divorce in favor

of the latter, on the ground "That no notice to clerk to prepare transcript under section 953a C.C.P. has been filed, and no transcript is on file herein, as required by Rule 5, Subdivision A, of Part 2 of Rules on Appeal of this Honorable Court." Plaintiff, in opposition to said motion to dismiss, has moved this court "to stay the proceedings herein until such time as appellant can obtain a furlough, or leave of absence, from the United States Marine Corps, upon the grounds as follows: That her financial ability to prosecute this appeal and to pay an alleged community debt, to prevent the sale of household furniture, has been materially affected by her military service, all as shown by the affidavit in support hereof."

In support of and attached to defendant's notice of motion to dismiss appeal is the Certificate of the Clerk of the Superior Court of Los Angeles County from which it appears that plaintiff, Myrtle Levin, on December 2, 1942, filed her complaint for divorce on the ground of cruelty, wherein she prayed for an interlocutory decree of divorce, and for all of the community property, attorney's fees and costs; that on February 9, 1943, defendant husband filed a cross-complaint for divorce alleging extreme cruelty and asked for a fair division of the community property; that on June 25, 1943, an interlocutory decree of divorce was entered which adjudged that plaintiff was entitled to a divorce from defendant and ordered that "the furniture be sold and the proceeds applied on the community debt of $488.00, any balance to be equally divided between plaintiff and defendant." It also appears from said certificate that notice of entry of judgment was filed and served on defendant's attorney on July 16, 1943, and on August 26, 1943, plaintiff filed her notice of appeal from the judgment of June 25th. "That no notice of intention to move for a new trial has been filed. That no notice to clerk to prepare transcript under section 953a C.C.P. has been filed, and accordingly there is no transcript on file thereunder."

Section 953a of the Code of Civil Procedure requires that the notice requesting a transcript of the testimony offered at the trial "must be filed within ten (10) days after the filing of the notice of appeal," with the clerk of the court from whose judgment said appeal is taken. Rule 5(a) of Rules on Appeal for the Supreme Court and District Courts of

Appeal requires that an appellant within ten (10) days after filing his notice of appeal shall serve on respondent and file with the clerk his notice designating the papers or records which shall comprise the clerk's transcript.

Under the authority of *Scully* v. *Rosanoff*, 40 Cal.App.2d 249 [104 P.2d 706]; *Green* v. *Ellis*, 42 Cal.App.2d 208 [108 P.2d 732], and *Isett* v. *Frees*, 25 Cal.App.2d 466 [77 P.2d 873], wherein motions to dismiss appeals were granted because neither a reporter's nor a clerk's transcript had been filed in this or in the superior court within the time prescribed by law,—it appears that the instant motion to dismiss the appeal should be granted unless appellant is entitled to relief upon her motion to stay proceedings made pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended (54 Stat. 1178; 50 U.S.C.A. Appx. § 501 et seq.; 11 F.C.A. Appx. 9, § 100 et seq.).

Section 201 of the Act (50 U.S.C.A. Appx. § 521) provides: ''At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.''

Respondent's memorandum in support of his motion to dismiss the appeal herein recites that appellant Myrtle Levin was sworn in as a member of the United States Marine Corps Reserve, Women's Division, on May 6, 1943, and that when the divorce action was heard on June 18, 1943, said appellant was present with her counsel, and was awarded a decree of divorce.

Appellant in an affidavit sworn to by her on February 18, 1944, made to support her notice of motion to stay proceedings herein, avers that she was sworn in as a member of the United States Marine Corps Reserve on May 6, 1943, and on July 29, 1943, she was ordered to and did report for active duty at a camp on the eastern seaboard of the United States and ever since has been in active duty as a member of said Marine Corps; that prior to her membership in the Armed

Forces she was steadily employed as a secretary at a salary of $140 per month; that upon being assigned to active duty she was paid $50 per month; that on December 21, 1943, she was commissioned a corporal with a monthly salary of $66; "that she has at the present time less than $25.00 and is without means to prosecute the appeal involved in the proceedings in which this affidavit is being filed, nor has she sufficient money to bid at the sale of the household furniture which was found by the trial court to be community property and ordered sold." Appellant's counsel in their memorandum in support of motion to stay proceedings state that the cost of preparing a transcript on appeal will be $65 to $70, and that this amount, "in addition to the Clerk's fees for filing the transcript on appeal, is in excess of the amount of money now in the possession of the appellant, and therefore this proceeding should be stayed for at least six months, on account of appellant's financial condition, since she is a member of the 'Armed Forces.' "

The only authority cited by appellant to uphold her motion for stay of proceedings is that of *Jamaica Savings Bank* v. *Bryan,* 175 Misc. 978 [25 N.Y.S.2d 17], an action to foreclose a mortgage, in which the following statement is made: "Of course, the fact that a defendant is in military service is not a defense to an action under the Soldiers' and Sailors' Civil Relief Act of 1940, 54 U.S.Stat. at Large, p. 1178; 50 U.S.C.A. Appendix secs. 501-585. That act by no means contemplates that persons able to meet their obligations may set up the act in bar to prevent creditors from pursuing their remedies. It does mean that soldiers and sailors in the service who are handicapped by reason of their military service, either in making valid defenses to an action or in meeting their financial obligations, shall have the protection of the court to prevent prejudice to their rights by reason of such service." In the cited case, because there was absolutely nothing before the court upon which it could base an opinion to the effect that defendant's ability to conduct his defense was materially affected by his military service, the court decided that it should take proof in the matter, after which it would determine whether a stay should be granted. Thereafter, in a further opinion (25 N.Y.S.2d 641) it was held that there was no basis for a stay of proceedings where military drills were held twice a week and military service did not

materially affect ability to conduct defense to the action, no evidence having been adduced that defendant had a defense.

Subdivision (1) of section 302 of the act under consideration specifically provides for either a stay of proceedings or such other disposition as may be equitable to conserve the interests of all parties in those cases involving ''obligations secured by mortgage, trust deed, or other security in the nature of a mortgage upon real or personal property owned by a person in military service at the commencement of the period of military service and still so owned by him which obligations originated prior to such person's period of military service . . . unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service.'' Thus, it can be seen that even in cases arising under section 302 (50 U.S.C.A. Appx., § 532) defendant's right to a stay is strictly limited and is subject to the discretion of the court in which such application is made.

In the instant case, it appears that the movant, Myrtle Levin, instituted the action for divorce, and was a member of the armed forces when the matter came on for trial, at which time a judgment was rendered in her favor; that she filed her notice of appeal therefrom on August 26, 1943, when she was receiving a monthly stipend of $50 as a member of the Marine Corps, and that she took no further steps to prosecute her appeal until, almost six months having elapsed, her former husband, respondent herein, made his motion to dismiss said appeal.

In our search for enlightenment on the subject under consideration, we have discovered that the cases as a whole involve motions made by defendants in the trial court on the ground that they are unable to properly conduct their defense while engaged in the war effort. However, respondent has cited *Briner* v. *Briner*, 60 Cal.App.2d 473, 476 [140 P. 2d 995], the only case called to the attention of this court in which a motion was made similar to that made herein, to wit: to stay proceedings on appeal under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, *supra.* In the cited case it was the husband who sought the stay because of his inability to conduct his defense to his wife's appeal from a judgment rendered in the husband's favor. In that case the court denied the motion holding that ''. . . the matters

alleged by respondent in this case do not show that his ability to conduct his defense to this appeal is materially affected by reason of his military service. The presence of respondent in this court is unnecessary, and even assuming that his financial condition is as alleged by him, he is in no different position than any other litigant who may, by reason of a limited income, find it difficult or inconvenient to meet the expenses incident to an appeal. . . . We are cited to no cases in which proceedings on appeal have been stayed under the Soldiers' and Sailors' Civil Relief Act. In *Rosenthal* v. *Smith*, —— Ohio App. —— [42 N.E.2d 464], a motion to dismiss an appeal on the ground that appellant had failed to comply with the rules of the court requiring the filing of assignments of error, briefs, etc., within fifty days after notice of appeal, was resisted by counsel for appellant who represented to the court that appellant was in the armed forces and that counsel had been unable to contact him. The court said: 'The Soldiers' and Sailors' Civil Relief Act of 1940 . . . does not accord the benefits thereof to a person in the military service who is represented by legal counsel. Nothing appears in the memorandum to the effect that counsel for appellant was not authorized to act for and on behalf of him as to all requisites incident to the appeal, including the filing of the briefs, etc. . . . .' And the motion to dismiss was granted.''

Under the facts presented by the record before this court, appellant's ability to conduct her appeal is not materially affected by reason of her military service.

For the reasons stated, appellant Myrtle Levin's motion for stay of proceedings is denied, and respondent Alexander Levin's motion to dismiss the appeal is granted. The appeal is therefore dismissed.

Doran, J., and White, J., concurred.