[S. F. No. 16929.   In Bank.   Aug. 4, 1944.]

IMPERIAL BEVERAGE COMPANY (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

[S. F. No. 16930.   In Bank.   Aug. 4, 1944.]

CHARLES E. HIRES COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Hoge, Pelton & Gunther, A. Dal Thomson, Theodore Hale and Carroll B. Crawford for Petitioners.

No appearance for Respondents.

CURTIS, J.—These two proceedings grew out of a personal injury action brought by one Dino Preftokis in the Superior Court of the County of Alameda against the three petitioners herein. One of the petitions is a joint petition by the Imperial Beverage Company and the New Century Beverage Company, and the other is by the Charles E. Hires Company alone. All of them were defendants in said personal injury action and they will occasionally be referred to as defendants. The trial of said action was before the court with a jury and resulted in a verdict in favor of the defendants, upon which a judgment was entered against the plaintiff, Dino Preftokis, who will be referred to herein as the plaintiff. Thereafter plaintiff moved for a new trial and for a stay of all proceedings in said action under the Soldiers' and Sailors' Civil Relief Act of 1940. (50 U.S.C.A. Appendix, §§ 501-585; hereinafter referred to as the act.) The trial court denied both of these motions. The plaintiff then filed a notice of appeal from the judgment and made a second motion for a stay of proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940. This motion for a stay was granted. The order of the court granting said motion was of date February 15, 1943, and, as subsequently modified, is as follows: "That the motion to stay any further proceedings including proceedings on appeal be and the same is hereby granted, on the ground that, in the opinion of this Court, the plaintiff cannot properly prosecute this action, by reason of his military service; and that said plaintiff, DINO PREFTOKIS, is granted a stay of proceedings for the period of his military service in the armed forces of the United States of America and for a period of sixty days thereafter, in which to prepare his record on appeal, together with the bill of exceptions."

Thereafter these two proceedings were instituted to review said order of the court staying the proceedings in said action. In compliance with an order of this court granting the petitions for review, all proceedings in the trial court relating to each of the two stay orders have been certified to this court by the respondents and are now before us for our consideration. The same factual situation is presented in each of these two proceedings, and the same legal questions involved in one proceeding are present in the other. For this reason only one opinion will be necessary for the decision of both matters.

It may be well to state at the outset that the order under review was made by the trial court and these proceedings were instituted to review the same prior to the adoption of the "New Rules on Appeal" effective July 1, 1943. The discussion therefore of the question herein involved deals with the procedure on appeal prior to the effective date of the new rules.

The first question with which we are confronted is whether the writ of review is a proper proceeding to test the validity of the order staying proceedings in said action before the court. Neither the respondents nor the plaintiff in the trial court, who, besides the petitioners, is the only real party in interest in the proceedings now before us, have made any appearance herein nor has either of them furnished us with any brief or argument in any form in opposition to the granting of the present petitions.

By section 1068 of the Code of Civil Procedure a writ of review may be granted when an inferior court, exercising judicial functions, has exceeded its jurisdiction and there is no appeal nor other adequate remedy. We know of no other remedy that could be employed to test the challenged order now before us except that of appeal or review. Accordingly, if the order of stay is appealable, review will not lie. Appealable orders are enumerated in section 963 of the Code of Civil Procedure. Among such orders is "any special order made after final judgment." An order to stay proceedings in a court where the action is pending is not specifically mentioned in said section or elsewhere in the Code of Civil Procedure, and petitioners tacitly admit that if the order of stay now before us is a special order made after judgment within the meaning of section 963 of the Code of Civil Procedure, it is an appealable order and not reviewable under certiorari proceedings. They contend, however, that it is not such an order and therefore certiorari will lie to review it.

Section 521 of the act reads as follows: "Stay of proceedings where military service affects conduct thereof.

"At any stage thereof *any action or proceeding* in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and *shall*, on application to it by such person or some person on his behalf, *be stayed* as provided in this Act, unless, in the opinion of

the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.'' (Italics ours.) This section is § 201, chap. 888, 54 U.S. Stats. 1178, 1181.)

It will thus be seen that the provisions of the act are made applicable at any stage of the action, either before or after trial and judgment, and before or after an appeal has been taken from the judgment. If made after appeal and the execution of the judgment is stayed by the appeal, the order of the court under the act cannot in any manner be held to stay execution on the judgment, for the judgment is already stayed by the appeal. (Code Civ. Proc., § 946.) ▮ The judgment in the present action, as entered upon the verdict of the jury, provided that plaintiff take nothing by said action and that defendants recover from plaintiff their costs, amounting to the sums of $19.64 and $135.40. Although judgment was rendered in defendants' favor for their costs, such a judgment is not one directing the payment of money mentioned in section 942 of the Code of Civil Procedure, and is therefore stayed by the provisions of section 949 of the same code. (*McCallion* v. *Hibernia etc. Society,* 98 Cal. 442, 445 [33 P. 329]; *Jensen* v. *Hugh Evans & Co.,* 13 Cal.2d 401, 406 [90 P.2d 72].)

▮ Section 946 of the Code of Civil Procedure provides: ''Whenever an appeal is perfected, . . . it stays all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein, . . . ; *but the court below may proceed upon any other matter embraced in the action and not affected by the order appealed from.*'' (Italics ours.) An appeal from the judgment and a stay of all proceedings therein do not deprive the trial court of jurisdiction to settle a bill of exceptions. (*Colbert* v. *Rankin,* 72 Cal. 197 [13 P. 491]; *Hennessy* v. *Superior Court,* 194 Cal. 368 [228 P. 862].) Under the alternative method of appeal it is made the duty of the court to settle the record on appeal and to certify to the truth and correctness of the reporter's transcript before the same may become a part of the record on appeal. (Code Civ. Proc., § 953a.) In fact, after an appeal and the stay of all further proceedings in the trial court upon a judgment, the trial court ordinarily has jurisdiction, and it is its duty to take all necessary steps and make all necessary orders that a proper and correct

record on appeal may be prepared. Such proceedings are not stayed by an appeal, but they might be stayed in a proper case by the trial court in making an order under the Soldiers' and Sailors' Civil Relief Act. The action insofar as the preparation of a record on appeal was involved was then pending in the trial court, and that court was the only court which had jurisdiction to control those proceedings. Therefore, the order staying proceedings, while limited to proceedings on appeal, was within the jurisdiction of the trial court to make and enforce.

■ Considering the stay order in its limited application, we are called upon to decide whether such an order is a "special order made after final judgment." If it is such, it is appealable, and certiorari will not lie to review it. Such an order neither stays nor enforces the judgment. It is only an order in a procedural matter in connection with the preparation of a record on appeal. In *Lake* v. *Harris*, 198 Cal. 85 [243 P. 417] there was before this court an order striking the certificate of the trial judge from the clerk's transcript; and it was contended that such an order was a special order made after final judgment and therefore appealable. In passing upon the question, this court ruled as follows (page 89): "As to the first ground of refusal we think the contention of the respondent that the order striking his certificate from the said clerk's transcript was not an appealable order must be sustained. In order that a special order made after final judgment, as contemplated by subdivision 2 of section 963 of the Code of Civil Procedure, be appealable, such order must affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution (*Griess* v. *State Investment etc. Co.*, 93 Cal. 411 [28 P. 1041]; *Kaltschmidt* v. *Weber*, 136 Cal. 675 [69 P. 497]; *Watson* v. *Pryor*, 49 Cal.App. 554 [193 P. 797]; 2 Cal.Jur. 153). The order striking said certificate is but an order in an ancillary or procedural matter prescribed by statute in connection with the preparation of a record on appeal and the making thereof neither added to nor subtracted from the relief granted by the judgment. It is obvious that to compel the respondent judge to certify a record on appeal from an order which is not appealable would be to require a vain and useless thing." See, also, *Kaltschmidt* v. *Weber*, 136 Cal. 675,

677 [69 P. 497] and *Williams* v. *Superior Court,* 14 Cal.2d 656, 666 [96 P.2d 334].

In view of our determination that the order here challenged is not appealable because it served merely to extend or continue the time for the preparation of the record on appeal, we need not discuss at length the case of *Wood* v. *Peterson Farms Co.,* 214 Cal. 94 [3 P.2d 922]. That case involved an order *terminating* proceedings for a record—the exact converse of the situation here presented. As stated above, the order under review in the present case did not stay the judgment. The judgment for defendants for costs was automatically stayed by the appeal itself. The order here involved simply continued the time within which the appellant was required to prepare his record on appeal. It has long been recognized that such an intermediate, procedural order as one extending time to prepare the record on appeal, is in no sense an order affecting the judgment, and consequently is not appealable as a special order after final judgment. Obviously, the length of such extension (whether for a fixed or an indefinite time) cannot affect the appealability of the order.

While said order is nonappealable and for that reason it is subject to be annulled on certiorari, the petitioners contend that the court was without jurisdiction to make said order as it was made after an appeal had been taken from the judgment, and that by virtue of said appeal jurisdiction over the action was vested in the appellate court. This contention we think has already been answered, and answered adversely to petitioners' contention. As noted above, the appeal stays the judgment but not proceedings to prepare a record on appeal from said judgment. The order on review therefore is limited to such proceeding as may be necessary to perfect appellant's appeal. The trial court had jurisdiction over these proceedings and, under the authority of the Soldiers' and Sailors' Civil Relief Act, entered its order expressly staying such proceedings.

As noted above, the trial court first denied appellant's motion to stay proceedings under said act, and then later granted a second motion for the same relief asked for by the first motion. Petitioners contend that the order granting the second motion was in violation of section 1008 of the Code of

Civil Procedure, which provides that when an application is made for an order which, prior to the making of said application, had been refused in whole or in part, an affidavit must be filed by the applicant showing, among other matters, "what new facts are claimed"; and that no such affidavit had been filed by the plaintiff at the time he made his motion for a stay, which was granted, but, on the other hand, the second motion was based upon the same state of facts as the first motion. The penalty for the violation of this section of the code is that the order made under those circumstances may be revoked or set aside by the court in which the action is pending. It is not shown that the trial court has ever revoked said order, and the only inference to be drawn from the provisions of this section is that the order is valid until revoked. At most, the granting of the motion may have been erroneous, but not in excess of the jurisdiction of the court. (*Creditors Adjustment Co.* v. *Newman,* 185 Cal. 509, 513 [197 P. 334].) "In order that the writ of certiorari be granted, there must have been an excess of jurisdiction by the inferior tribunal, exercising judicial functions." (4 Cal.Jur. § 4, p. 1022.)

▪ It is further contended that the order denying the first motion for a stay is res judicata as to the subsequent motion. While the plea of res judicata may be a good defense to an action in which it is interposed, it does not deprive the court of jurisdiction over the action nor does it deprive the court of jurisdiction to pass upon and decide a motion after it has previously decided a like motion. Its action upon the second motion may be erroneous, but it is not in excess of jurisdiction. (*Harth* v. *Ten Eyck,* 16 Cal.2d 829, 832 [108 P.2d 675].)

▪ In addition to what we have just stated respecting the power of the court to act upon and grant this second stay order, we think it pertinent to call attention to that section of the act which provides that a motion to stay proceedings may be made at any stage of the proceedings. (§ 521, *supra.*) If for no other reason, we think the order made under this provision of the act may be within the power of the trial court.

▪ Finally, the petitioners contend that as this case is now on appeal and plaintiff's personal attendance in court is not required, nor is his assistance needed in the preparation and

presentation of his appeal, he is not entitled to the benefit of said act. This same contention was made before the trial court, and affidavits on behalf of plaintiff and defendants were received by said court in support of and against the motion. After giving this evidence consideration, the trial court in the exercise of its discretion granted the motion. It will be noted that section 521 of the act expressly provides that a proceeding in which a person in military service is involved may be stayed in the discretion of the court in which it is pending. Construing this section of the act (which is referred to as § 201, chap. 888, 54 U. S. Stats. 1178, 1181), the Supreme Court of the United States in *Boone* v. *Lightner*, 319 U.S. 561 [63 S.Ct. 1223, 87 L.Ed. 1587] stated the applicable rule in the following language, at page 575: "The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually *prima facie* prejudicial. But in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the courts to see that the immunities of the Act are not put to such unworthy use."

As just stated, the motion for stay of proceedings in this action resulting in the order of February 15, 1943, was heard upon affidavits. The plaintiff was not present in court but was somewhere with the armed forces of the United States. An affidavit was prepared and sent to him at what was his last known address, but no response was made to the communication enclosing to him the affidavit, and the information received by the attorney sending him the affidavit was that plaintiff was ill with the measles and isolated in a hospital. His mother had made an affidavit used upon the hearing of the first motion, in which she stated that plaintiff was in the military service of the United States, that his pay was $50 per month, and that he was without other income and was financially unable to prosecute an appeal while in military service. One of his attorneys by affidavit stated that their employment only continued up to the rendition of

judgment, and since that time they had acted gratuitously. They have not appeared in the present proceeding in behalf of plaintiff, or at all, nor has any other attorney appeared for plaintiff at the hearing of this matter before this court. The official reporter in the case, although he signed a statement to the effect that plaintiff had made satisfactory arrangements with him for the payment of costs of preparing the record on appeal, and waived the filing of a bond, later by affidavit denied that any such arrangements had been made with him, that he signed the waiver "without considering the legal or factual effect of said document" and "that in truth and in fact neither" plaintiff nor his attorneys "nor any other person had made any agreement or contract for the preparation of said transcript on appeal." Evidently the trial court came to the conclusion from the evidence before it that the ability of plaintiff to prosecute his appeal was materially affected by reason of his military service. In our opinion there was a sufficient showing before the court to justify this conclusion. Plaintiff has no attorney nor means to employ an attorney or to meet the costs necessary to the preparation of a record on appeal. Under these circumstances it cannot be successfully claimed that the trial court abused its discretion in granting the order to stay further proceedings in said action.

Defendants rely upon the case of *Rosenthal* v. *Smith*, (Ohio App.) 42 N.E.2d 464. In that case the application was made to the appellate court to stay proceedings in that court. The court in its discretion denied the motion and stated as the reason for its denial that the act does not accord the benefits thereof to a person in the military service represented by legal counsel who were "authorized to act for and on behalf of him as to all requisites incident to the appeal."

Two cases based upon section 521 of the act have been decided by the appellate courts of this state, and in each of those cases the court denied the application for a stay. Those cases are *Briner* v. *Briner*, 60 Cal.App.2d 473 [140 P.2d 995] and *Levin* v. *Levin*, 64 Cal.App.2d 298 [148 P.2d 714]. In each of those cases the application was made in the appellate court to stay proceedings in that court. The court in each instance in the exercise of its discretion denied the application. The facts in neither of those cases are analogous to those in the present action, and even if they were, the de-

cisions therein would not necessarily affect the decision in the present case. The motions were made before the very court in which those decisions were rendered. Whether the courts, in denying the motions, acted within the discretion contemplated by the act was not before either of said courts. Had there been a petition for a hearing in either of said cases, then this court might have considered the question whether the appellate court properly exercised its discretion in denying the motion; but that question was not before either of the appellate courts at the time they had the motion for a stay under consideration.

In view of our conclusion as hereinbefore stated, we are of the opinion that the orders, and each of them, should be affirmed, and it is so ordered.

Gibson, C. J., Shenk, J., and Traynor, J., concurred.

SCHAUER, J.—I concur in the judgment of affirmance but dissent from the holding that the order appealed from is not appealable.

The motion to stay proceedings was made under the Soldiers' and Sailors' Civil Relief Act of 1940 (§ 201, chap. 888, 54 U.S. Stats. 1178, 1181). The order entered on such motion provides ''That the motion to stay any further proceedings including proceedings on appeal be and the same is hereby granted, on the ground that, in the opinion of this Court, the plaintiff cannot properly prosecute this action, by reason of his military service; and that said plaintiff, DINO PREFTOKIS, is granted a stay of proceedings for the period of his military service in the armed forces of the United States of America and for a period of sixty days thereafter, in which to prepare his record on appeal, together with the bill of exceptions.''

I would agree that an order merely extending the time for preparation of a record on appeal is not appealable but the above quoted order effectuates more than a mere extension of time to prepare a record. It is an absolute stay, for the time indicated, of all proceedings in the cause. Whether an order made after final judgment is a ''special order made after final judgment'' within the meaning of section 963(2) of the Code of Civil Procedure depends on whether such an order affects the final judgment in some manner or bears

some relation to it either by way of enforcing it or staying its execution.

The judgment in this case, from which the appeal was taken, is a judgment that plaintiff take nothing and that defendants recover "their costs amounting to the sum of $19.64 and $135.40." Insofar as concerns enforcing the judgment for the costs the taking of the appeal automatically stayed execution. (*McCallion* v. *Hibernia etc. Society* (1893), 98 Cal. 442, 445 [33 P. 329]; *Whitaker* v. *Title Ins. etc. Co.* (1918), 179 Cal. 111, 114 [175 P. 460].) Under these circumstances, then, the effect of the order staying indefinitely all proceedings in the case is to stay indefinitely execution on the judgment. In fact, such stay order operates to suspend the judgment and all of the defendants' rights thereunder for the duration of the war and sixty days thereafter.

Such an order, it seems to me, is appealable within the purview of section 963(2) of the Code of Civil Procedure. It follows that this proceeding should be dismissed and the order appealed from affirmed.

Edmonds, J., and Carter, J., concurred.