FOURNET, Justice.
 

 The relator, Charles Tolmas, Inc., having instituted proceedings by rule' to evict
 
 *14
 
 the respondent, Simon L. Streiffer, from the premises located at 2023 Metairie Road, in Jefferson Parish, Louisiana, which proceedings were stayed by the trial judgé under the provisions of the Soldiers’ and Sailors’ Civil Relief Act of the United States, applied to this court for a writ of mandamus to be directed to the trial judge 'ordering him t'o revoke the stay order. We granted a writ of certiorari to the end that the validity of the proceedings might be reviewed.
 

 On July 15, 1940, the relator entered into a written lease with the respondent covering the premises in controversy for a period of fourteen and a half months at a monthly rental of $60, with the privilege of having the lease renewed at the expiration thereof for an additional period of thirty-six months at a monthly rental of $75. On September 12, 1941, the relator made written demand on the respondent for the surrender of the premises not later than midnight of September 30, 1941. By a letter dated September 11, which relator did not receive until September 18, the respondent advised the relator that he was taking advantage of the renewal clause in the contract of lease. Replying to this letter on September 19, the relator advised the respondent that because of his breach of the lease contract it would not renew the same and again demanded the surrender of the property by midnight on September 30, 1941. ..On September 27, the relator received another letter from the respondent dated September 11, identical with the letter .previously received on September 19. In this letter the respondent tendered the first month’s rent due under the terms of the renewal clause of the lease in the form of a certified check for $75. This check was promptly returned by the' relator and, on October 9 following, these proceedings were instituted to evict the respondent.
 

 The action was based on the alleged fact that the respondent lessee handled and sold children’s wear and hardware on the leased premises, in violation of the express terms of the lease, which was annexed to and made a part of the proceedings. It was further alleged that the respondent is in the service of the United States Army and that a curator ad hoc should.be appointed to represent him.
 

 On the day the rule was made returnable, October 16, 1941, the respondent, through his own attorneys, invoked the provisions of the statute of the United States known as the Soldiers’ and Sailors’ Civil Relief Act, seeking thereby to have the proceedings stayed for the duration of respondent’s service in the United States Army. In the alternative he asked that the relator be required to furnish bond to cover any damages that he might suffer by reason of any judgment rendered on the rule. Without hearing any evidence, the trial judge maintained respondent’s motion to stay the proceedings and the relator then applied to this court for a writ of mandamus directed to the trial judge ordering him to recall his order staying the proceedings.
 

 The relator alleged in its application for • the writ of mandamus, and contended in its .brief, that it should be allowed to prove that • the respondent was an interposed party for
 
 *15
 
 his father, who was the- real owner and operator of the business conducted on the premises leased to the respondent; that the respondent was a permanent and full time employee of Keller-Zander during the entire term of the lease and until his entry into the service of the United States Army, having no real interest in or control over the management or operation of the business, exercising the option to renew the lease, therefore, for the sole and exclusive benefit of his father. 1 The application al.so contains the allegation that the relator owns and leases, under separate contracts, .several other stores in the vicinity of the •premises leased to the respondent, which leases contain provisions protecting the relator’s tenants against the sale of particular types of merchandise in any of the oth■er stores, one of which deals in hardware; .and that the owner of that store informed .the relator he would protect himself under his lease unless the respondent was made to cease offering hardware for sale immediately. (The sale of this merchandise is specifically prohibited in respondent’s .lease.)
 

 In response to the rule issued by this court, the respondent judge declared that .none of the issues urged in the application for the writ had been raised by the relator .in its pleadings in the lower court and that .since the relator had there sought respondent’s eviction on the ground that the lease had terminated because of certain breaches of the lease contract, he had grantfed the stay order under the discretion vested in him by the Soldiers’ and Sailors’ Civil Relief Act, being of the opinion that an ambiguity existed in the lease in question and that the advice and assistance of the respondent was absolutely essential to the establishment of the true intention of the parties to the lease before it could be determined whether- or not the lease had expired by reason of these alleged breaches.
 

 The pertinent sections of the Soldiers’ and Sailors’ Civil Relief Act of 1940; 50 U.S.C.A. Appendix, Section 501 et seq., read as follows:
 

 “Sec. 100 [§ 510], In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities,
 
 in certain cases,
 
 of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to. this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may
 
 prejudice
 
 the civil rights of persons in such service during the period herein specified over which this Act remains in force.” 50 U.S.C.A. Appendix § 510.
 

 “Sec. 201 [§ 521]. At any stage 'thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of ■ such service or within sixty days thereafter
 
 may,
 
 in the discretion of the court in which it is pending,
 
 on its own motion,
 
 and
 
 shall, on application to it
 
 
 *16
 

 by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.”
 
 50 U.S.C.A. Appendix § 521. (The italics in both of these sections are ours.)
 

 Thus it may be seen that this legislation was enacted to protect the rights of the men in the military service of the Nation during the present emergent conditions; but this protection is afforded them only in those cases in which the rights of the persons in the military service might be prejudiced without their presence to either prosecute the action or conduct their defense, and it is only in those cases that the courts are authorized to stay the proceedings for the duration of their absence. Otherwise, the act has no application.
 

 In the instant case, inasmuch as the trial judge was of the opinion that there was an ambiguity in the lease contract, necessitating the presence of the respondent to determine the true intention of the parties to the contract, and for this reason
 
 alone
 
 he stayed the proceedings, it is pur opinion that such order showld be recalled without prejudice to either party, for a casual reading of the lease will show that the trial judge was in error in his conclusion that an ambiguity exists therein in so far as the alleged breach thereof is concerned, for it is declared in the lease that “The Lessee agrees that he will not offer for sale shoes, .Children’s wear, Hardware, and •Furniture”.-on the leased pr.emis.es.
 

 For the reasons assigned, the order of the trial judge staying the proceedings in this case is set aside and the case is hereby ordered remanded to the lower court for further proceedings consistent with the views herein expressed. Costs of this case are to be taxed after the final determination thereof.