Gerson Z. Tolmas, the owner of a certain commercial building in the Parish of Jefferson, known as No. 2023 Metairie Road, brought this suit for possession in October, 1944, against Simon L. Streiffer, who had occupied the premises under a written lease which expired September 30, 1944.
The suit was defended upon the ground that a verbal extension of the lease for the duration of the war had been agreed upon between Tolmas and Streiffer, before the expiration of the lease. In the alternative, a stay order was prayed for upon the ground that Streiffer was in the military service of the United States and, in view of the Soldiers' and Sailors' Relief Act of 1940, 50 U.S.C.A.Appendix § 501 et seq., he was entitled to such relief.
Judgment was rendered in favor of the defendant staying the proceedings for the period of Simon L. Streiffer's military service and for three months thereafter conditioned upon his promptly paying the monthly rental of $75. The judgment also ordered the plaintiff to pay to Julian Samuel, the curator, the sum of $50 as attorneys' fees. Plaintiff has appealed to this court.
[1] The evidence fails to establish the alleged extension of the lease. The plaintiff, Gerson Tolmas, and his father and mother, Mr. and Mrs. Charles Tolmas, testified in the negative and Louis Streiffer, defendant's father, testifying from hearsay, without objection, declared that his son had told him that there had been an oral extension of the lease. If the absent Streiffer had been present he could have done no more than assert what his father was permitted to say. Moreover, in a former proceeding entitled Charles Tolmas, Inc., v. Streiffer, possession of these premises was sought upon the ground that the lessee had violated some of the terms of the lease. In that suit the defendant, after denying the alleged breaches of the contract, pleaded in the alternative, the Soldiers' and Sailors' Relief Act of 1940. There was judgment staying the proceeding which, upon appeal to the Supreme Court of Louisiana (199 La. 25, 5 So.2d 372, 374) was reversed and the case remanded to the District Court for further proceedings. Thereafter, another stay order was granted and plaintiff took no further action until the present suit was filed in 1944, when the term of the lease had expired.
The former suit is mentioned to indicate the desire of the plaintiff to get possession of the property as long ago as 1941, from which it would appear extremely unlikely that any verbal extension of the lease had been granted.
Our conclusion on this feature of the case is that the extension has not been established.
In the Soldiers' and Sailors' Relief Act of 1940, Section 100, provision is made "for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force."
Section 201 of the Act declares that:
"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, * * * (the court may, in its discretion, continue) on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."
In the case of Charles Tolmas, Inc. v. Streiffer, supra, our Supreme Court, in referring to these provisions of the Act, said:
"Thus it may be seen that this legislation was enacted to protect the rights of the men in the military service of the Nation during the present emergent conditions; but this protection is afforded them only in those cases in which the rights of the persons in the military service might be prejudiced without their presence to either prosecute the action or conduct their defense, and it is only in those cases that the courts are authorized to stay the proceedings for the duration of their absence. Otherwise, the act has no application."
See, also, Commercial Securities Company, Inc. v. Kavanaugh, La. App., 13 So.2d 533.
[2, 3] To permit a stay of the proceedings in this case for the duration of the war would, it seems to us, work an injustice and hardship to the owner who desires possession of his property without serving any purpose for which the Soldiers' and Sailors' Relief Act was adopted. There is nothing *Page 389 
in that act which contemplates conferring upon a soldier or sailor any privilege not enjoyed by a civilian. It is merely intended to secure him in his legal rights until he may return and defend himself. If there was anything in this case which the presence of Streiffer could alter to his advantage we would have no hesitancy in confirming the stay order, but all that Streiffer could do, if present, would be to assert that a verbal extension had been given him as his father did without objection.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of Gerson Z. Tolmas, plaintiff, and against Simon L. Streiffer, defendant, condemning him to vacate the said premises Number 2023 Metairie Road, between Helois and Hesper Streets, Parish of Jefferson, and to deliver possession of same to petitioner, and further ordering that upon failure to comply with said judgment within twenty-four hours after its rendition, a writ of possession and ejectment shall issue, commanding the sheriff for the Parish of Jefferson to eject them from said premises and to put petitioner in full possession thereof. Defendant to pay all costs.
Judgment reversed.