Plaintiff filed this suit against defendant to recover $123.18, the balance due on the purchase price of certain furniture.
Alleging that it had a vendor's lien, plaintiff prayed for and obtained a writ of sequestration under which the Constable of the First City Court of New Orleans seized the furniture.
Mrs. Schrapf, in behalf of her husband, the defendant, invoking the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix, § 501 et seq., appeared and applied for a stay of the proceedings, upon the ground that defendant is in the military service of the United States and that because of his military status (1) his ability to conduct his defense is materially and vitally affected, *Page 452 
(2) that plaintiff, in sequestering the furniture, wilfully and maliciously violated the provisions of the act, and (3) defendant's ability to comply with the terms of the installment purchase contract has been materially affected.
The lower court issued a rule upon plaintiff to show cause why the court should not exercise its powers under the act and grant a stay of the proceedings, and after a hearing judgment was rendered in favor of Mrs. Schrapf, in behalf of her husband, ordering that plaintiff return "all of the personal property of defendant sequestered by said plaintiff." Plaintiff appeals from the judgment.
1. In the Soldiers' and Sailors' Civil Relief Act of 1940, sec. 100, provision is made:
"* * * to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force."
Section 201, 50 U.S.C.A.Appendix, § 521, declares:
"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."
In Charles Tolmas, Inc., v. Streiffer, 199 La. 25,5 So.2d 372, 374, our Supreme Court, in referring to these provisions of the act, said:
"Thus it may be seen that this legislation was enacted to protect the rights of the men in the military service of the Nation during the present emergent conditions; but this protection is afforded them only in those cases in which the rights of the persons in the military service might be prejudiced without their presence to either prosecute the action or conduct their defense, and it is only in those cases that the courts are authorized to stay the proceedings for the duration of their absence. Otherwise, the act has no application."
It is the contention of appellee that the burden is on the party resisting an application for a stay of proceedings to satisfy the trial court by clear and convincing evidence that the rights of the soldier or sailor are not impaired by the military tenure, and that unless such showing is made a stay should not be denied. In support of this position, appellee's counsel has cited several cases in which courts have so held.
However, in the case of Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 1228, 87 L.Ed. 1587, the Supreme Court of the United States observed:
"The Act makes no express provision as to who must carry the burden of showing that a party will or will not be prejudiced, in pursuance no doubt of its policy of making the law flexible to meet the great variety of situations no legislator and no court is wise enough to foresee. We, too, refrain from declaring any rigid doctrine of burden of proof in this matter, believing that courts called upon to use discretion will usually have enough sound sense to know from what direction their information should be expected to come. * * *"
The Soldiers' and Sailors' Civil Relief Act of itself does not constitute a defense to litigation instituted against one in the military service, and the Congress never intended that it should. It seems to us that before an application for a stay of proceedings should be granted there must be some showing made, or at least the court must be able to infer, that the service man has a debatable legal defense, and that his ability to present it is materially or seriously affected by reason of his military status. *Page 453 
In Charles Tolmas, Inc., v. Streiffer, supra, the Supreme Court vacated a stay order which had been granted to defendant, because it was not shown that the defense asserted by defendant was valid. The Court said:
"In the instant case, inasmuch as the trial judge was of the opinion that there was an ambiguity in the lease contract, necessitating the presence of the respondent to determine the true intention of the parties to the contract, and for this reason alone he stayed the proceedings, it is our opinion that such order should be recalled without prejudice to either party, for a casual reading of the lease will show that the trial judge was in error in his conclusion that an ambiguity exists therein in so far as the alleged breach thereof is concerned, * * *".
This court, in Tolmas v. Streiffer et al., La. App.,21 So.2d 387, 388, annulled and avoided a judgment of the lower court staying the proceedings for the period of defendant's military service, for the reason that there was nothing in the case which the presence of defendant could alter to his advantage. We said:
"To permit a stay of the proceedings in this case for the duration of the war would, it seems to us, work an injustice and hardship to the owner who desires possession of his property without serving any purpose for which the Soldiers' and Sailors' Relief Act was adopted. There is nothing in that act which contemplates conferring upon a soldier or sailor any privilege not enjoyed by a civilian. It is merely intended to secure him in his legal rights until he may return and defend himself. If there was anything in this case which the presence of Streiffer could alter to his advantage we would have no hesitancy in confirming the stay order, but all that Streiffer could do, if present, would be to assert that a verbal extension had been given him as his father did without objection."
Mrs. Schrapf did not allege, nor did she even intimate, that her husband has any legal defense to his creditor's claim. Upon the trial of the rule, she testified:
"They called me after he had gone into the service and I told Mr. Holtzman I would pay him."
We notice that her application for the stay contains the following averment:
"That your applicant is aware of the debt due plaintiff by her husband, the defendant, and has made an honest and diligent effort to repay same in monthly installments."
Our opinion is that defendant is not entitled to a stay of the proceedings on the first ground. We say this without prejudice to the rights of either party.
2. In presenting the second ground, counsel argues that, before a judgment may be entered, a suing creditor must file an affidavit showing that defendant is not a member of the armed forces, and that plaintiff has attempted to circumvent that barrier by sequestering the furniture on an ex parte order without having furnished such affidavit. Section 200 of the act, 50 U.S.C.A.Appendix, § 520, reads as follows:
"In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage *Page 454 
that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act."
It clearly appears that the affidavit mentioned in Sec. 200 need be filed only when a default judgment is to be entered. We know of no provision in the act, and our attention has not been directed to any, requiring the filing of an affidavit under any other circumstances, and we fail to understand why the writ of sequestration should be declared illegal because no affidavit was furnished by plaintiff before its issuance.
3. Applicant's able counsel strenuously argues that defendant's ability to comply with the terms of the installment contract has been materially and seriously affected by virtue of his present status.
The pertinent portions of Sec. 301 of the act, as amended, 50 U.S.C.A.Appendix, § 531, are:
"No person who has received, or whose assignor has received, under a contract for the purchase of real or personal property, or of lease or bailment with a view to purchase of such property, a deposit or installment of the purchase price, or a deposit or installment under the contract, lease, or bailment, from a person or from the assignor of a person who, after the date of payment of such deposit or installment, has entered military service, shall exercise any right or option under such contract to rescind or terminate the contract or resume possession of the property for non-payment of any installment thereunder due or for any other breach of the terms thereof occurring prior to or during the period of such military service, except by action in a court of competent jurisdiction. * * *
"Upon the hearing of such action the court may order the repayment of prior installments or deposits or any part thereof, as a condition of terminating the contract and resuming possession of the property, or may, in its discretion, on its own motion, and shall, on application to it by such person in military service or some person on his behalf, order a stay of proceedings as provided in this Act unless, in the opinion of the court, the ability of the defendant to comply with the terms of the contract is not materially affected by reason of such service; or it may make such other disposition of the case as may be equitable to conserve the interests of all parties."
The facts surrounding the contract are: Defendant, contemplating marriage, bought the furniture during February and April, 1947, making a down payment and agreeing to pay the balance at the rate of $17.00 per month.
In December, 1947, defendant enlisted in the Army, at which time the account was in arrears to the extent of approximately $84.00. Plaintiff received a payment of $15.00 in August, 1948.
Defendant is stationed at San Antonio, Texas. His wife and their young child remain in New Orleans.
In considering whether the ability of defendant to comply with the terms of the contract is materially affected by reason of military service, it is in order to examine his financial standing before enlistment and compare it with his present financial standing.
As to his occupation in civil life the record is silent, but Mrs. Schrapf testified that her husband earned $37.00 per week, from which there was deducted social security, unemployment, and income taxes.
The pay of a private first class is $90.00 per month plus a dependent's allowance which is an integral part of the enlistment contract. Schrapf's monthly base pay as a private first class is $90.00; his wife and child receive a monthly family allowance of $80.00, which is made up as follows: $22.00 is deducted from the soldier's pay and the government supplies $58.00. The amount received by the soldier from his base pay is, therefore, $68.00 per month. See 37 U.S.C.A. §§ 108,205, and 206.
It would appear that the Schrapf family now receives but a few dollars less than the gross earnings of defendant before his enlistment. It seems to us that defendant's ability to pay has not at all been worsened because of his present status, particularly *Page 455 
when it is considered that the $68.00 is augmented by upkeep and sustenance, the expenses of which would have to be borne by oneself in civilian life.
Accepting the testimony as being the truth, the record shows that Schrapf, before becoming a soldier, flouted his obligation by permitting about 2/3 of the balance, which plaintiff alleges is due for the furniture, to mature and remain unpaid.
We think that if this soldier had been conscientious he could and would have made some effort, both before and after his enlistment, to adjust the matter. Presuming for the purposes of this opinion that the amount sued for is due, it appears that both in civil life and as a member of the Army plaintiff has shown disinterest in carrying out his engagements.
While we believe that a man in the military service of our country should be shown every consideration by the courts, the Soldiers' and Sailors' Civil Relief Act was not designed as a shield to be used by one who has unjustifiably ignored his obligations before becoming associated with the military. We see no equities insofar as defendant is concerned.
In determining whether under Sec. 301 a defendant is entitled to an order staying the proceedings, the court, in addition to considering the defendant's circumstances, should give serious consideration to the plight of the plaintiff. The court may make such disposition of the case as may be equitable. No one will doubt for a moment that modern furniture does not improve with usage, and should the plaintiff herein be met with a stay order, there is no question that disadvantage would result, because the only security which plaintiff has is the vendor's lien and privilege on the furniture. If plaintiff is not to be allowed to prosecute its suit, it could come to pass that when Schrapf returns to civilian life the furniture might not even be in existence, or might be of so little value that the security vouchsafed by the lien would be nil.
We perceive nothing in the third ground to warrant granting applicant the relief sought.
The attorney for Mrs. Schrapf as a member of the Legal Aid Bureau of New Orleans represented her in connection with the application. Counsel has shown zeal and industry in presenting the application, and we believe he should be complimented for the manner in which he has dispatched his assignment.
For the above reasons, the judgment appealed from is reversed and the application for a stay is denied; this case is now remanded to the First City Court of New Orleans to be proceeded with in accordance with law. All costs, including the cost of this appeal, are to await the final determination of this case.
Reversed and remanded.