169 So.2d 150 (1964)
MAYFAIR SALES, INCORPORATED
v.
Oscar SAMS.
No. 5864.
Court of Appeal of Louisiana, First Circuit.
November 16, 1964.
Walton J. Barnes, Baton Rouge, for appellant.
Burton, Roberts & Ward, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
REID, Judge.
Plaintiff Mayfair Sales, Incorporated brought suit against defendant seeking to recover the sum of $256.04 represented by an NSF check drawn by defendant Oscar *151 Sams payable to the order of Southern Steel of Baton Rouge, Incorporated and subsequently negotiated to plaintiff Mayfair Sales, Incorporated. Defendant filed answer denying the allegations of plaintiff's petition but admitted the signature on the check.
The case was assigned for trial and defendant filed a motion to stay the proceedings on the ground he is in the military service of the United States of America, and by reason of same he is unable to properly conduct his defense. The matter was duly tried and the Lower Court granted the stay of proceedings until defendant's military service is terminated. Plaintiff appealed to this Court. The appeal was dismissed on the ground a judgment had not been signed on the ruling of the Lower Court. Subsequently a judgment was signed in favor of defendant, granting him a stay of proceedings until such time as his ability to defend this lawsuit is not hampered by his military service.
From this judgment the plaintiff prosecutes this appeal.
There was no testimony taken at the trial of the motion to stay proceedings and the only basis upon which the Court rendered a stay of proceedings was a statement of defendant's attorney that defendant was in the military service. There seems to be no question but that the defendant is in military service and is now stationed in California.
Plaintiff makes the following assignment of errors by the Lower Court:
"THE LOWER COURT ERRED IN:
"1. The trial court abused its discretion in granting the stay order without any evidence to support defendant's contention and solely on the basis of counsel's representations, which in itself it not evidence.
"2. The trial court erred in granting a stay order, assuming the fact that defendant is in military service, on the issue of military service alone.
"(a) A stay order is authorized only when a member of the armed forces is materially affected by reason of his service. 50 U.S.C.A. App. 521.
"3. The trial court should have required proof of Mover before a determination of fact warranting that the relief sought was justified and if the relief sought warranted consideration, such should have been further considered in the light of applicable and existing statutes and jurisprudence.
"(a) A military man is materially affected if he cannot conduct a proper defense by reason of his absence, however, where it can be shown that such service man, whether present or absent, would have no assertable defense, a hearing without his physical presence would not materially affect him.
"4. A holder in due course is free from all defenses which might be urged between the original parties to the instrument and a determination of whether or not a holder is a holder in due course could have been made without defendant's appearance at the trial on the merits."
The provision for stays of proceedings for men in military service is found in "Soldiers' and Sailors' Service Relief Act" 50 U.S.C.A. App. § 521, which provides as follows:
"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501-590 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to *152 conduct his defense is not materially affected by reason of his military service. Oct. 17, 1940, c. 888, § 201, 54 Stat. 1181."
The Courts have universally held the burden of showing that a defendant will be materially affected in conducting his defense because of his military service remains with the defendant and it is not up to the plaintiff to disprove same. See 75 A. L.R.2d 1060. Our Courts have further held that the proof which a service man should furnish is more than the fact that he is in the military service. In Graves v. Bednar, 167 Neb. 847, 95 N.W.2d 123, on page 126, 75 A.L.R.2d 1056 (on page 1060) the Court held:
"The only other reason advanced for preventing the cause being set for trial is that the defendant is on military duty in France and is scheduled to rotate to the continental United States during January 1960. There is no showing or contention that he has applied for leave to return to the United States for the trial of this cause and of necessity therefrom no showing that he has been unable to secure leave."
The Court further held:
"It is to be remembered that the purpose of the act is to protect rights and is not to grant immunity from liability." See also Luckes v. Luckes, 245 Minn. 141, 74 N.W.2d 850, 54 A.L.R.2d 284 and Stalcup v. Ruzic, 51 N.M. 377, 185 P.2d 298.
The gist of these cases is that a service man is not entitled to a stay of proceeding simply because he is in the armed services, but must show the conduct of his defense to the suit is materially affected thereby.
Defendant, according to argument of counsel, has been back to Louisiana several times since he has been in the service, but has made no effort to contact his attorney and give him information to elaborate on his defense or furnished any information of a time he could be present for any trial of the case. We do not feel that the defendant can delay the matter simply by saying he is in the armed forces, but must show definitely where his rights will be harmed.
Defendant, through his counsel, argues that he can not be forced to come back to Louisiana for the trial of the case but there is no showing of any effort having been made to take his deposition or to arrange a trial date when he could obtain leave and be present at the trial. Counsel for defendant argues that plaintiffs can very easily dismiss the suit in Louisiana and refile it in California where defendant is stationed. Defendant is a resident of Louisiana and is entitled to be sued at his domicile, and such suit if filed in California would no doubt be dismissed in an appropriate pleading to the jurisdiction.
Our Louisiana Courts have interpreted the Soldiers' and Sailors' Civil Relief Act in line with the heretofore quoted decision. In Tolmas v. Streiffer, La.App., 21 So.2d 387 the Louisiana Court held:
"`Thus it may be seen that this legislation was enacted to protect the rights of the men in the military service * * * but this protection is afforded them only in those cases in which the rights of the persons in the military service might be prejudiced without their presence to either prosecute the action or conduct their defense, and it is only in those cases that the courts are authorized to stay proceedings for the duration of their absence. Otherwise, the act has no application.'
"* * * There is nothing in that act which contemplates conferring upon a soldier or sailor any privilege not enjoyed by a civilian. It is merely intended to secure him his legal rights until he may return and defend himself. * *"
See also Holtzman's Furniture Store v. Schraph, La.App., 39 So.2d 450; White System of Lafayette v. Fisher, La.App., 16 So.2d 89.
*153 Plaintiff argues in his brief that it is the holder in due course of a check which is complete and regular on its face, makes out a prima facie case and is sufficient to justify default judgment, and that nothing could be gained by defendant's presence. Plaintiff cites cases in support of this contention but we do not believe that this principle should deny the defendant the right to present any legitimate bona fide defense he may have.
For the foregoing reasons it is ordered and decreed that the judgment of the Lower Court is reversed at appellee's cost, and the matter is remanded to the Lower Court for further proceedings consistent with the ruling of the Court.
Reversed and remanded.