521 So.2d 749 (1988)
STATE of Louisiana Through the LOUISIANA DIVISION OF HEALTH & HUMAN RESOURCES ADMINISTRATION, Plaintiff-Appellee,
v.
Warren O. SIMMONS, Defendant-Appellant.
No. 19344-CA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1988.
*750 Jones and Smith Law Offices by Benjamin Jones, Monroe, for defendant-appellant.
James W. Berry, Asst. Dist. Atty., Rayville, for plaintiff-appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
MARVIN, Judge.
Defendant, an Army Captain on active duty, appeals a judgment that decreed him to be the father of a child and ordered him to pay child support, and a subsequent modification of that judgment specifying the amount of monthly child support.
Defendant contends the proceedings should have been stayed under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. App. § 501 et seq. He also contends the trial court had no jurisdiction to substantively modify the judgment after he appealed.
We affirm in part, reverse in part, and remand for further proceedings.

FACTS
The action was filed in 1985 by the State under LRS 46:236.1 et seq. on allegations that defendant was the father of a six-year-old child and was obligated to pay monthly child support. Defendant was then stationed at Fort McClellan, Alabama. He first moved to stay the proceedings, alleging that he could not properly defend the suit because of his absence from the state for military service. Stay was denied. Defendant answered, denying the State's allegations and asserting that the child's mother was actively dating one or more men when the child was conceived.
The court then ordered defendant, the child, and the mother to submit to blood tests at a laboratory in Ouachita Parish. Two months after the scheduled blood tests, defendant filed a second motion to stay. He attached a letter written by an Army attorney which stated that defendant could obtain leave from the military police officer training course he was taking in Alabama only in case of an emergency such as a death in his immediate family. The letter stated that even an approved temporary absence could result in his being dropped from the training course and possibly his being separated from the service involuntarily.
The second motion to stay was based on the same grounds as the first and was denied. The order requiring blood tests was modified to order defendant to report on December 10, 1985, to a laboratory in Alabama, the state in which defendant was stationed.
In November 1985, the State obtained a continuance of the trial which had been set for December 10, 1985, because defendant had been ordered to report for blood testing in Alabama on that date. The trial was continued indefinitely.
More than a year later, on December 5, 1986, defendant filed a third motion to stay, asserting that he was stationed in West Germany and could not "leave from overseas to come to the trial." On December 9, 1986, the court granted defendant a stay and set a trial date on February 10, 1987, to allow defendant
ample and sufficient time within which to make any necessary arrangements in order that he may be present at the trial of this case to assist in the preparation of his defense and to give testimony in his own behalf.
On January 28, 1987, defendant filed a fourth motion to stay trial, reasserting only that he was unable "to leave from overseas to come to the trial." The motion did not state whether defendant sought a leave from the Army to attend the trial after the stay had been granted to February 10. In *751 this same motion, defendant's attorney sought to withdraw from the case, asserting that he did not wish to try and defend an absent client who had not paid him to prepare for and conduct a trial.
On February 10, 1987, defendant's fourth motion to stay was denied. The motion of defendant's lawyer to withdraw from the case was granted and neither was present when the case was tried. Judgment was rendered declaring defendant to be the child's father and ordering him to pay child support in a sum "equivalent to the standard military [dependent] allotment for one minor child [commensurate] with [his] rank and tenure of service."
The judgment was signed on February 26, 1987, and defendant was granted a suspensive appeal on motion filed by the attorney who formally withdrew from the case on February 10. Only a devolutive appeal was timely perfected.
On June 9, 1987, the State moved to modify the February 26 judgment, alleging that the Army would not make payments unless the child support was ordered for a specific amount. The motion was served on defendant through his attorney. Neither defendant nor his attorney appeared at the hearing on June 18 when the modified judgment was signed ordering defendant to pay $300 monthly child support.
After defendant briefed his appeal from the original judgment, he appealed the modified judgment and briefed the jurisdictional issue.
Defendant has not furnished us with a transcript of the February 10 trial and the hearing on his fourth motion to stay, or of the June 18 hearing on the State's motion to modify the judgment. Even if we accept as true defendant's assertion that the State did not request the testimony to be taken down in writing, defendant has not, as appellant, met his burden to furnish this court with a written narrative of facts, made either by agreement of the parties or by the trial judge. CCP Arts. 2130, 2131; Succession of Walker, 288 So.2d 328 (La.1974). In these circumstances, our review is limited to determining whether the trial court applied the correct law to discernible facts in the record. Smith v. Gilmer, 488 So.2d 1143 (La.App. 2d Cir.1986).

MOTIONS TO STAY
A defendant in the military service may be entitled to have proceedings against him stayed "unless, in the opinion of the court, [his] ability to conduct his defense is not materially affected by reason of his military service." 50 U.S.C.A.App. § 521.
The prescriptive period for bringing an action against a serviceman is automatically and unconditionally tolled under § 525 by the mere fact of military service. The serviceman who seeks a stay must show more than the fact of military service. He must additionally show that his service materially affects his ability to conduct his defense. Mayfair Sales, Incorporated v. Sams, 169 So.2d 150 (La.App. 1st Cir.1964); Holtzman's Furniture Store v. Schrapf, 39 So.2d 450 (La.App. Orl.1949). Compare factually Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943).
The soldier in Boone timely answered the petition that alleged his fiduciary misconduct and then moved to stay the proceedings under 50 U.S.C.A. App. § 521 on the day of trial. After the motion was denied, the soldier's lawyer withdrew from the case and the trial was held in the soldier's absence. The jury rendered a verdict against him. The trial court's ruling on the stay ultimately was affirmed by the United States Supreme Court.
The court avoided stating any general rule about which litigant has the burden of proving whether the serviceman will or will not be prejudiced if the stay is not granted, and opined that Congress intended the law to be flexible enough to allow a case-by-case decision on that issue depending on which party could most reasonably be expected to produce the pertinent information. 319 U.S. at 569, 63 S.Ct. at 1228.
The court rejected the argument that the trial court was required to make an express finding on the record that the defendant's ability to conduct his defense was not materially *752 affected by reason of his military service. Defendant here makes the same argument. We answer with this quote from Boone:
Some question is raised as to whether the findings of the trial court meet the requirements of the Act. In the order denying the continuance it found as a fact that "the defendant in this cause is deliberately and wilfully attempting to evade an ultimate determination of the issues involved in the litigation ... and is exercising his assumed right under the Act ... to avoid such determination." * * *
Of course this is not a finding in the words of the statute that the ability of the defendant "to conduct his defense is not materially affected by reason of his military service," but there is no doubt that it was intended to be in substance the equivalent. * * * The Act does not expressly require findings. It is one intended to apply to courts not of record as well as those of record, and it requires only that the court be of [the] opinion that [the] ability to defend is not materially affected by military service. We accept the findings as sufficiently evidencing the opinion of the court to that effect.
319 U.S. at 571-572; 63 S.Ct. at 1229.
From our scant record, we readily and reasonably infer that the trial court regarded defendant's fourth motion to stay as nothing more than dilatory. On December 9, 1986, defendant was granted a stay to allow him about two months to make arrangements to attend the February 10, 1987, trial. Shortly before that trial date, he filed the fourth motion to stay, repeating only general assertions of unavailability. He alleged no facts, however, about what attempts he had made to obtain leave for the scheduled trial date. Defendant furnished detailed facts about his military duties and the consequences of his absence in 1985 that apparently induced the trial court to modify its order for blood tests to allow defendant to submit to a blood test in Alabama. When defendant's fourth motion to stay was denied, defendant's lawyer was then acting on his behalf. Other than what defendant alleges in the fourth motion, we are not presented with reviewable facts that would support that motion for a stay.
On this record, we cannot say the trial court abused its discretion in denying the stay, which was apparently found to have been prompted more by defendant's reluctance to have the case tried under any circumstance than by the constraints of defendant's military duties.
We again quote from Boone:

The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial. But in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the courts to see that the immunities of the Act are not put to such unworthy use.
319 U.S. at 575; 63 S.Ct. at 1231. Our emphasis.

THE PATERNITY JUDGMENT
Because defendant was not present or represented at trial, he contends the original judgment should be regarded as a default judgment which should be vacated under 50 U.S.C.A. App. § 520. The lawyer's withdrawal in Boone, supra, was labeled "litigious strategy." Section 520 allows default judgments to be set aside only upon a showing that defendant "has a meritorious or legal defense to the action or some part thereof." Defendant has made no such showing here or in the record. His challenges to the paternity decree are procedural and not substantive. For more than 20 months after he answered the action, he did not, according to this record, undertake discovery or make an effort to have his own testimony or that of favorable *753 witnesses secured or perpetuated for use at trial. Defendant offers us no excuse or explanation for his neglect in this respect.
Because we have no record of the evidence offered to prove paternity and no indication or assertion that the trial court erred in its application of the law to the facts it found on that issue, we affirm the decree of paternity in the original judgment.

THE SUPPORT JUDGMENTS
We agree that the judgment modifying the child support order must be vacated because it was rendered after the trial court was divested of jurisdiction under CCP Art. 2088 and because the modification made a prohibited substantive change in the original judgment. CCP Art. 1951.
The trial court's jurisdiction over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal in the case of a devolutive appeal. Thereafter, the trial court retains jurisdiction only as to matters which are not reviewable under the appeal. CCP Art. 2088. The State's contention that the modification of the judgment "was to render the judgment enforceable" under Art. 2088(7), is nothing more than an admission that if the original judgment was not enforceable, the modification or correction to make it enforceable is a substantive change prohibited the trial court by CCP Art. 1951 after a devolutive appeal.
The trial court granted defendant a "suspensive" appeal from the original judgment and set the appeal bond at $5,000 after the delay for taking a suspensive appeal had expired. See CCP Art. 2123. The delay for taking a devolutive appeal had not expired and defendant's appeal was timely as a devolutive appeal. See CCP Art. 2087; State v. Pierson, 490 So.2d 744 (La.App. 3d Cir.1986).[1]
Even if the suspensive appeal delay had not expired when the motion for appeal was filed, the appeal would be treated as devolutive because defendant did not file a suspensive appeal bond. See CCP Art. 2124; Haywood v. Salter, 421 So.2d 1190 (La.App. 2d Cir.1982).
In any event, the trial court's jurisdiction was divested when the order of appeal was signed April 30, 1987. The support decree was a matter reviewable under that appeal and was not a matter over which the trial court retained jurisdiction under CCP Art. 2088. The modified support judgment, rendered and signed on June 18, 1987, is a nullity and is without effect. See and compare Ballanco v. Ballanco, 480 So.2d 1039 (La.App. 5th Cir.1985).
The modified judgment alters the substance of the original child support order. Trial court amendment of a final judgment is permitted only to correct errors of calculation or to alter phraseology. Substantive amendment is not permitted. CCP Art. 1951. An amendment which limits or adds to the obligations set forth in the original judgment is substantive and is properly accomplished only by either a timely application for new trial or a timely appeal. Edwin M. Jones Oil Co., Inc. v. Cobb, 469 So.2d 357 (La.App. 2d Cir.1985); Schexnayder v. Schexnayder, 503 So.2d 104 (La.App. 5th Cir.1987), writ denied.
A parent's child support obligation must be fixed according to the needs of the child and the parent's ability to pay. CC Arts. 240, 244, 231. Smith v. Stamper, 357 So.2d 904 (La.App. 2d Cir.1978); State through H. & H. Resources Admin. v. Essex, 427 So.2d 71 (La.App. 4th Cir.1983), writ denied.
The original judgment orders defendant to pay monthly child support in an amount equivalent to the standard military dependent allotment for one minor child commensurate with defendant's rank and tenure of *754 service. As alleged by the State's motion to modify the original judgment, the original judgment is indefinite as to the monthly support owed by defendant. The Army, with knowledge of its own "standard allotments" and of defendant's rank and tenure of service, declined to try to calculate the amount of defendant's monthly obligation.
The modified judgment fixes defendant's support obligation at $300 per month. The Army could not or would not calculate the obligation under the original order. From this scant record, we cannot determine whether the modified order would result in a larger or smaller monthly payment. In either event, the modification is a substantive and prohibited change.
Notwithstanding our lack of transcripts, we deduce that the trial court based the support order only on the fact that defendant received some income from the Army. The record does not indicate that the trial court had evidence of the amount of defendant's income or his obligations. We do not hold that a support judgment may not decree that a support obligor pay a percentage of his wages to a support obligee where the factual circumstances may warrant such a decree. We have no factual circumstances alleged in this record that would support such a decree. The decree here complained of does not order defendant to pay a percentage of his wages to the child. The law requires that a child support judgment be based on a parent's actual, and not merely his assumed or theoretical, ability to pay the decreed amount. See and compare State v. Pierson and State through H. & H. Resources Admin. v. Essex, supra.
Because we reverse the child support portions of both judgments, we do not address defendant's contention that he has shown good cause for having his support payments begin from date of judgment rather than from date of judicial demand, as the trial court ordered. LRS 9:399.

DECREE
We reverse the modified judgment and the child support order in the original judgment. We remand for further proceedings to determine the amount and commencement date of defendant's monthly support obligation. In all other respects that decree the defendant's paternity and obligation to support the child, we affirm. Costs of this appeal shall be assessed by the trial court with other costs in any support judgment which may be rendered after remand.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] Pierson squarely holds that an appeal from a judgment of paternity and child support under LRS 46:236.1 may be taken within the delays allowed by Art. 2087 and is not governed by the shorter appeal period generally applicable to child support judgments under Art. 3942-3943. The support order is regarded as secondary to the paternity decree to which the longer delay applies.