552 So.2d 531 (1989)
Kewanda Thompson WILLIAMS, Appellee,
v.
Tommie Lee WILLIAMS, Jr., Appellant.
No. 20,860-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1989.
Jones & Smith by Benjamin Jones, Kidd & Kidd by Paul Kidd, Jr., Monroe, for appellee.
Cotton, Bolton & Hoychick by Rebecca H. Harrod, Terry A. Doughty, Rayville, for appellant.
Tommie L. Williams, Jr., in pro. per.
Before FRED W. JONES, Jr., SEXTON and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
In the ongoing domestic litigation between these parties, defendant, Tommie Lee Williams, Jr. appealed from the judgment of the trial court modifying its prior divorce judgment so as to restrict the defendant's visitation rights with the minor child to the continental United States and awarding an increase in child support, in the rule filed by the plaintiff, Kewanda Thompson Williams, for a modification or clarification of custody, a restraining order and increase in child support. This matter has been before this court on a previous occasion. See Kewanda Thompson Williams v. Tommie Lee Williams, Jr., 19,326-CW. Finding that the trial court abused its discretion, we reverse the judgment and remand for further proceedings consistent with the views expressed herein.
Issues Presented
On appeal, the defendant asserts the following assignments of error:
1) The trial court erred in refusing to continue the rule filed by the plaintiff *532 under the Soldiers' and Sailors' Civil Relief Act of 1940 and Louisiana law;
2) The trial court erred in increasing child support to $400 per month without a finding of a change of circumstances; and,
3) The trial court erred in amending its previous divorce judgment so as to enjoin defendant from exercising his visitation rights to the minor child outside the continental United States.
Factual Context
The plaintiff and defendant were married in Maryland on September 29, 1981. One minor child, Tommie Lee Williams III, was born of the marriage on May 27, 1985. Defendant is a career officer in the United States Air Force, having attained the rank of Major. It appears from the record that throughout the marriage, the defendant was on active duty and the parties lived in various states where the defendant was stationed before eventually moving to Stuttgart, Germany. The parties separated in Germany on November 5, 1986, and the plaintiff returned to her former home in Louisiana with the minor child.
On January 9, 1987, plaintiff filed a petition for separation and child custody, subject to the defendant's reasonable visitation rights to be exercised only in the state of Louisiana, and child support.
On December 14, 1987, the plaintiff filed an amending petition seeking a final judgment of divorce as the parties had been physically separated without reconciling for a period in excess of one year. Plaintiff sought sole custody of the minor child subject to the defendant's reasonable visitation rights and monthly child support in the amount of $150.
The parties took the matter up as uncontested and on December 17, 1987, the trial court signed a judgment of divorce based upon the parties having voluntarily lived separate and apart without reconciliation for a period exceeding one year. Plaintiff was awarded primary domiciliary joint custody of the minor child subject to the defendant's reasonable visitation rights and monthly child support in the amount of $150.
The defendant's visitation rights were specifically outlined in the judgment of divorce. Defendant was awarded visitation periods up to a total of 30 days to be exercised within the continental United States when defendant was home on furlough from the armed services. Defendant was also awarded gradually increasing summer visitation rights with the minor child, beginning with a consecutive 30 day period in 1988 and ending with a 90 day visitation period in 1990 and each year thereafter. As to the visitation rights of the defendant for 1989 and thereafter, the judgment specifically stated that the defendant could exercise his visitation period in excess of 30 days only if he had moved back to the continental United States to exercise such visitation here. In the event that the defendant had not moved back to the United States, the judgment provided that defendant could only have one 30 day visitation period. With respect to the initial 30 day visitation period which commenced in July and August 1988, and which was referred to in the 60 and 90 day visitation periods, it was not clearly specified that such visitation rights would have to be exercised within the continental United States.
On May 18, 1988, plaintiff filed a rule for modification or clarification of visitation rights, for a restraining order and for an increase in child support. Plaintiff alleged that it was in the best interests of the minor child for the court to clarify the provisions of its prior judgment so as to clearly restrict the defendant's rights of visitation with the minor child to the continental United States during the times that the defendant was here on furlough. Plaintiff further alleged that the award of child support should be increased from $150 to $400 per month as the initial award was made on the basis of the matter being uncontested and therefore without benefit of the court's considered judgment. Furthermore, plaintiff alleged that the needs of the child and the financial means of the plaintiff had changed so as to support the requested increase. Plaintiff requested a *533 temporary restraining order be issued, pending hearing on the rule, prohibiting the defendant from removing the minor child from the United States. Plaintiff alleged that there was an immediate threat that the defendant would try to take the minor child out of the United States during the June, 1988 visitation.
In response, the defendant filed for a stay of the proceedings pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940. The defendant alleged that his ability to answer and defend the plaintiff's rule was materially impaired and substantially adversely affected by reason of his military service in Germany in that he was prevented due to such service from obtaining competent counsel in Louisiana to represent him in this matter. Defendant further alleged he was financially unable to hire an attorney to represent him or to come to Louisiana to represent himself. Finally, defendant alleged that he had insufficient accrued annual leave to come to Louisiana. Defendant noted that he had substantial debts and had incurred costs in traveling from Germany to Louisiana three times in 1987 in relation to the domestic litigation. Further, these three trips had depleted his accrued annual leave time. Defendant argued that a judgment would prejudice his rights and result in damage to him and that a stay in the proceedings would not be prejudicial or result in damage to the plaintiff. Defendant requested that the matter be stayed until July 28, 1989, when he was scheduled to be transferred back to the United States.
At the hearing on the rule, the defendant was represented by a Curator appointed by the court. The trial court denied the defendant's motion for a stay finding that as to the visitation rights, plaintiff was merely seeking a clarification of the divorce judgment to restrict those rights to the United States which was the intent of the trial court in the original judgment. With respect to child support, the court stated that the defendant's appearance was not essential as the court had before it the defendant's detailed answers to interrogatories as to his monthly income and expenditures. Therefore, the court felt that it could make a fair decision based upon this information. The plaintiff testified that an increase in child support was necessitated as she desired to move from her mother's home in Rayville into her own apartment in Monroe to be closer to her employment and that the minor child would be starting pre-school. Thus, the plaintiff would incur increased housing and educational expenses for the minor child. The plaintiff further testified it was in the child's best interests to restrict the defendant's visitation to the United States without articulating what these particular interests were.
In its judgment on the rule, the trial court increased the child support awarded to plaintiff to $400 per month and modified and/or clarified the judgment of divorce so as to prohibit the defendant or any person acting on his behalf from taking the minor child out of the United States during any authorized visitation period provided for under said judgment.
Motion for Stay
With respect to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.App. § 521 provides in pertinent part, as follows:
"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act... unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."
The serviceman who seeks a stay must show more than the fact of military service. He must additionally show that his service materially affects his ability to conduct his defense. The Soldiers' and Sailors' Civil Relief Act of itself does not constitute a defense to litigation instituted against one in the military service and Congress never intended that it should. It *534 appears that before an application for a stay of proceedings should be granted, there must be some showing made, or at least the court must be able to infer, that the serviceman has a debatable legal defense and that his ability to present it is materially or seriously affected by reason of his military status. There is nothing in the Act which contemplates conferring upon a serviceman any privilege not enjoyed by a civilian. The Act merely intended to secure the serviceman in his legal rights until he may return and defend himself.
It appears that granting or refusing a stay order under the Act is a matter which rests solely within the sound discretion of the trial court and whether this discretion has been abused must be determined from the facts in each particular case. The burden of showing that a defendant will be materially affected in conducting his defense because of military service is upon the defendant; it is not upon the plaintiff to disprove it.
See State Through Louisiana Division of Health and Human Resources Administration v. Simmons, 521 So.2d 749 (La. App. 2d Cir.1988); Mayfair Sales, Incorporated v. Sams, 169 So.2d 150 (La.App. 1st Cir.1964); Holtzman's Furniture Store v. Schrapf, 39 So.2d 450 (La.App. ORL.1949); Tolmas v. Streiffer, 21 So.2d 387 (La.App. ORL.1945), and White System of Lafayette v. Fisher, 16 So.2d 89 (La.App. 1st Cir. 1943).
In considering the denial of a soldier's motion for a stay, the U.S. Supreme Court in Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587 (1943), avoiding stating any general rule about which litigant has the burden of proving whether the serviceman will or will not be prejudiced if the stay is not granted and found that Congress intended the law to be flexible enough to allow a case-by-case decision on that issue depending upon which party could most reasonably be expected to produce the pertinent information. The court rejected the argument that the trial court was required to make an express finding on the record that the defendant's ability to conduct his defense was not materially affected by reason of his military service. Rather, the Act required only that the court be of the opinion that the ability to defend was not materially affected by military service.
The U.S. Supreme Court further found that the Act was always to be liberally construed to protect those who had undertaken to serve their country. The discretion that is vested in the trial courts to that end was not to be withheld on nice calculations as to whether prejudice may result from absence, or absence results from the service. Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial, but in a few cases absence may be a subterfuge, instead of the result of military service, and discretion is vested in the courts to determine that the immunities granted in the act are not put to such an unworthy use. See also State Through Louisiana Division of Health and Human Resources Administration v. Simmons, supra.
La.C.C.P. Art. 1601 provides that a continuance may be granted in any case if there are good grounds therefor. Absent the peremptory grounds for granting a continuance enumerated in La.C.C.P. Art. 1602, the granting or refusal to grant a continuance lies within the sound discretion of the trial court. The court's ruling on a motion for continuance should not be disturbed on appeal in the absence of clear abuse. New Hope Gardens, Limited v. Lattin, 530 So.2d 1207 (La.App. 2d Cir. 1988) and Patterson v. Leggio, 347 So.2d 1262 (La.App. 1st Cir.1977).
The defendant argues that the trial court erred in refusing to grant his motion to continue the rule filed by the plaintiff under the Soldiers' and Sailors' Civil Relief Act and Louisiana law. Defendant states he was not able to be present at the hearing on the rule and thus was unable to defend himself and answer the allegations made by the plaintiff. As a result, the previous judgment was modified to prohibit defendant from exercising his visitation rights to the minor child outside the continental United States although the defendant *535 was stationed in Germany until July, 1989 and the trial court also increased the amount of child support. Defendant asserts that under the facts of this case, he was materially affected in his defense of the action and should have had the right to be present in court to answer the allegations of the plaintiff. Although defendant filed answers to interrogatories setting out his income and expenses, defendant argues that he should have had the right to explain both his income and expenses in detail to the trial court, to present any defense and to cross-examine the plaintiff at the hearing. Defendant argues that he should have also been allowed to present his own interpretation of the visitation rights contained in the divorce judgment, especially since the judgment was by consent, and should have been allowed to present his reasons why he desired to exercise visitation with the minor child in Germany.
As noted above, the serviceman who seeks a stay must show more than the fact of military service. He must show that his military service materially affects his ability to conduct his defense. After reviewing the record, we disagree with the trial court that the defendant failed to meet this burden in the instant case and find that the trial court abused its discretion in denying the defendant's motion for a stay.
The record demonstrates that the defendant had come to Louisiana from Germany on three separate occasions in 1987 during the domestic litigation. In his motion for a stay, defendant stated he first came to Louisiana to hire an attorney to represent him, the second time for a hearing on child custody and support and the third trip was for the divorce judgment. Shortly before the rendering of the divorce judgment, defendant's attorney withdrew as counsel of record and it does not appear that the defendant had secured new counsel.
The plaintiff filed her rule to increase the amount of child support and to modify/clarify the defendant's visitation rights with the minor child only five months after the divorce judgment was rendered. The hearing on the rule was held only one month after the rule was filed.
Given the defendant's three previous trips to the United States during the relatively short time prior to the hearing at issue herein, it is reasonable to conclude that the defendant's annual leave had been exhausted and that his military commitments would preclude travel at that time. Further, the fact that the defendant had traveled to Louisiana from Germany for the domestic litigation on three occasions certainly evidences that the defendant was cooperative in the litigation and not seeking to unreasonably delay the domestic proceedings by the mere fact of his military service. Thus, we find that on the face of the record it does not appear that the defendant's motion for a stay was ill-founded or posed solely for purposes of delay.
The issues of child support and modification/clarification of defendant's visitation rights raised in the plaintiff's rule presented significant issues with reference to the defendant's parental rights and responsibilities. The plaintiff was seeking to nearly triple defendant's child support obligation a mere five months after the consent judgment was entered. Obviously, the defendant's version of the understanding of the parties at the time that the consent judgment was entered would be crucial evidence in considering whether a change in circumstances had occurred. Further, as the consent judgment did not specifically prohibit the exercise of any visitation period outside the United States, the defendant's understanding and interpretation of the agreement of the parties which led to the consent judgment is critical evidence which must be considered by the trial court in determining whether the judgment can be "corrected". The defendant stated in his answers to interrogatories that the parties had agreed that the child could visit him in Germany and this appears to be a reasonable interpretation of the consent judgment.
As defendant had apparently exhausted his accrued annual leave during the previous domestic proceedings, a ruling by the trial court prohibiting any visitation outside the United States would be tantamount to a complete denial of defendant's visitation *536 rights in 1988. Considering the importance of this motion, the significant evidence that defendant could provide and the short time that defendant was allowed to secure counsel and prepare a defense from overseas, we conclude that his absence from the hearing due to his military service materially affected his ability to conduct his defense.
In short, the trial court abused its discretion in refusing to grant defendant's motion for a stay. Although we do not necessarily hold that the trial court should have granted a stay in excess of one year until defendant's transfer back to the United States, we do find that a stay should have been granted for a reasonable period of time. A reasonable stay would have allowed defendant time to secure legal counsel, perhaps to make arrangements for leave to attend the hearing or to better prepare his case for presentation in absentia, thus enabling defendant to conduct an adequate defense.
Increase in Child Support and Clarification/Modification of Visitation Rights
Finding that the trial court abused its discretion in refusing to grant defendant a reasonable stay in the proceedings, it is not necessary to consider whether the trial court erred in increasing the amount of child support and in modifying the defendant's visitation rights with the minor child so as to restrict the exercise of those rights to the continental United States.
Conclusion
For these reasons, the judgment in favor of plaintiff increasing the amount of child support and modifying defendant's visitation rights is VACATED and the matter is REMANDED to the trial court for further proceedings. Costs of the appeal are assessed to plaintiff-appellee.